410 P.2d 489

**STATE of Arizona, Appellee,**

v.

**Andrew Milo NOBLE, Appellant.**

**No. I CA–CR 64.**

Court of Appeals of Arizona.

Feb. 3, 1966.

Chris Johnson, Phoenix, for appellant.

Darrell F. Smith, Atty. Gen., by Gary K. Nelson, Asst. Atty. Gen., for appellee.

DONOFRIO, Judge.

Appellant Andrew Milo Noble, hereafter referred to as defendant, appeals from a judgment of conviction and sentence on two counts of perjury, a felony. He was sentenced to serve a term in prison of not less than four nor more than eight years on each count, to run concurrently.

Defendant had been tried in the Superior Court on April 13, 1965 for robbery of the Blakely Station at 4323 East Baseline Road, Phoenix. The attendant of the service station, Mr. Hernandez, testified at the trial that in the early hours of December 21, 1964, two men drove up in a panel truck and asked him for directions to Chandler. As he raised his hand to tell them the defendant pulled a gun and asked him to give them money. He gave them money from the cash register and they left.

At the robbery trial defendant took the stand and denied any participation in the robbery and denied that he had ever been at the service station that night. The jury returned a verdict of not guilty.

Soon after the trial, defendant was in custody on a traffic violation and wanted to talk to an officer about the robbery. Officer O'Connor and another policeman, went to see him in his cell. Defendant informed them that since he had been acquitted of the robbery for which he could not be re-tried he wanted to tell them certain things about it. He stated that it wasn't fair that he had been in jail nearly four months while the other person who instigated the robbery was free and had not been charged. He also informed them that the service station attendant was in error in accusing him with having the pistol when it was the other person who held it. He was unable to give the other person's name except to say that it was Jesse. As a result of these statements the present charges were filed. Defendant was accused of having committed perjury when he answered the questions of whether he was present at the station that night and committed the robbery in the negative.

At the trial the prosecution called the service station attendant who testified to the robbery, identifying the defendant, the clerk who testified to administering the oath to defendant at the robbery trial, and Officer O'Connor who testified to the conversation with the defendant admitting the robbery. The court reporter was also called and a transcript of defendant's previous testimony which denied the robbery was introduced. Defendant took the stand and his explanation of why he told the officers about the robbery was that he was mad and wanted to "mess them up" and therefore made up something.

The trial resulted in verdicts of guilty on both counts of perjury. After judgment and sentence counsel filed this appeal and defendant's pauper's affidavit. Different counsel was appointed pursuant to § 13–161 A.R.S. to prosecute the appeal. He has advised this Court that he has read the entire record and has been unable to find any error to urge. Under § 13–1715 A.R.S. the court must search the record for fundamental error in all criminal appeals and this appeal was, therefore, submitted on the record.

The question which deserves our attention is whether the acquittal of the defendant of the robbery charge is a bar to the prosecution for perjury for testimony given by him at the trial. Count I related to the

matter of whether he was present at the service station that night and Count II related to whether he committed the robbery itself. As framed the testimony related to main facts at issue in the robbery trial.

"It is generally held that one's acquittal upon a criminal prosecution is no bar to his subsequent prosecution for perjury committed at the former trial, where his testimony relates merely to collateral matters, and its falsity is not necessarily inconsistent with his innocence of the former crime. There is, however, some conflict in the cases as to whether a former acquittal is a bar to the prosecution of the accused for perjury in the former trial, where his testimony relates to the main facts at issue there, and his conviction of perjury would necessarily import a contradiction of the verdict of not guilty of the former charge; but the weight of authority supports the rule that the former acquittal is no bar to any perjury committed on the former prosecution." 41 Am.Jur. Perjury § 53, p. 29.

■ We find the great weight of authority supports the rules that the former acquittal is no bar to any perjury committed on the former prosecution and that this is a sound rule for Arizona to follow. Page v. State, Fla.App., 130 So.2d 304 (1961); People v. DiGiacomo, 193 Cal.App.2d 688, 14 Cal.Rptr. 574 (1961); State v. Nierenberg, (N.D.) 80 N.W.2d 104 (1956); State v. Leonard, 236 N.C. 126, 72 S.E.2d 1 (1952); Slayton v. Commonwealth, 185 Va. 371, 38 S.E.2d 485 (1946); People v. Housman, 44 Cal.App.2d 619, 112 P.2d 944 (1941); People v. Niles, 300 Ill. 458, 133 N.E. 252, 37 A.L.R. 1284 (1921); 70 C.J.S. Perjury § 26, p. 492; 37 A.L.R. 1290. But compare Adams v. United States, C.A. 5, 287 F.2d 701 (1961). We would caution that this is a sound rule so long as the sentence, if the person be convicted, is confined to the crime of perjury and not based on the crime for which the person was acquitted. We find no such abuse in the instant case.

We have searched the record, transcript of evidence and proceedings and find no reversible error.

Affirmed.

STEVENS, C. J., and CAMERON, J., concurring.