609 P.2d 69

The STATE of Arizona, Appellee,

v.

Ralph Tauarr ELLERSON, Appellant.

No. 2 CA–CR 1621.

Court of Appeals of Arizona,
Division 2.

Oct. 11, 1979.

Rehearing Denied Nov. 14, 1979.

Review Granted Dec. 4, 1979.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III and Lynn Hamilton, Asst. Attys. Gen., Phoenix, for appellee.

Richard S. Oseran, Pima County Public Defender by P. Donovan Riddle, Asst. Public Defender, Tucson, for appellant.

## OPINION

HOWARD, Judge.

Appellant was charged with possession of a narcotic drug and with three prior felony convictions. He was found guilty by a jury, admitted a prior conviction of burglary, and was sentenced by the trial court to the Arizona State Prison for not less than 10 nor more than 12 years. Appellant contends the trial court erred when it ruled that if he testified, one of his prior convictions could be used to impeach him. He also contends that it was prejudicial error to sentence him in absentia and that his sentence was excessive. We affirm.

After the trial court ruled the prior burglary conviction admissible for impeachment purposes, appellant took the witness stand. In order to "draw the sting", appellant's counsel asked him if he had a prior burglary conviction. Appellant replied in the affirmative. He now claims the trial court erred in its ruling since it failed to comply with Rule 609 of the Rules of Evidence for Arizona Courts by failing to make an on the record determination that the probative value of the conviction on the

issue of truthfulness outweighed the prejudice to him.[1] A party may, by his acts or omissions waive, or be estopped to make, objections to the admission or exclusion of evidence; such waiver or estoppel may arise from some affirmative act done after the evidentiary ruling. Cf. *Anson v. Fletcher*, 192 Neb. 317, 220 N.W.2d 371 (1974). Appellant was not forced to elicit the testimony concerning the conviction. He could have waited for the state to do so on cross-examination. His strategic decision waived any challenge to the ruling.

Appellant asks us to reconsider our holding in *State v. Davis*, 115 Ariz. 3, 562 P.2d 1370 (App.1977) and *State v. Camino*, 118 Ariz. 89, 574 P.2d 1308 (App.1977) wherein we held that sentencing in absentia under Rule 26.9, Arizona Rules of Criminal Procedure, 17 A.R.S., did not violate the due process clause of the Fourteenth Amendment to the United States Constitution. We decline to do so.

Appellant's contention that his sentence was excessive is without merit. He was sentenced as a habitual offender under A.R.S. Sec. 13–1649(A) which meant that the minimum sentence was 10 years.[2]

Affirmed.

RICHMOND, C. J., and HATHAWAY, J., concur.

---

1. See *State v. Cross*, 123 Ariz. 494, 600 P.2d 1126 (1979).

2. Possession of heroin under A.R.S. Sec. 36–1002.02(A) was punishable by imprisonment of five years to life.