612 P.2d 497

**The STATE of Arizona, Appellee,**

v.

**Andrew Milo NOBLE, Appellant.**

**No. 4924–PR.**

Supreme Court of Arizona,
In Banc.

May 29, 1980.

Robert K. Corbin, Atty. Gen. by William J. Schafer III and Greg A. McCarthy, Asst. Attys. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Paul J. Prato, Deputy Public Defender, Phoenix, for appellant.

CAMERON, Justice.

We granted defendant's petition for review of a memorandum decision of the Court of Appeals, Division One, Department B, in order to consider two questions. We have jurisdiction pursuant to A.R.S. § 12–120.24 and Rule 31.19, Arizona Rules of Criminal Procedure, 17 A.R.S.

1. Did the defendant, by admitting on direct examination to two prior convictions, waive the right to question on appeal the trial court's ruling denying his pretrial motion to exclude the prior convictions?

2. Did the trial court err in finding that the probative value of the prior convictions outweighed their prejudicial effects?

The facts necessary for a determination of this matter on appeal are as follows. In 1965, defendant was convicted of two counts of perjury. See *State v. Noble*, 2 Ariz.App. 532, 410 P.2d 489 (1966). Prior to trial in the instant case, the defendant moved to preclude, for impeachment pur-

poses, the prior felony convictions. The court denied the defendant's motion stating:

"The Court finds that the facts and circumstances regarding the perjury conviction substantially outweighs the prejudicial effect. The defendant's motion in limine is denied."

At trial, the defendant took the stand, and on direct examination admitted the previous felony convictions for perjury. He was convicted and sentenced to serve a term of not less than ten nor more than twelve years in the state prison. He appealed and the Court of Appeals, in a memorandum decision, held that because he had taken the stand and admitted the previous convictions, he had waived the right to question the denial of his motion on appeal.

## WAIVER OF RIGHT TO CONTEST DENIAL OF MOTION ON APPEAL

The Court of Appeals, relying upon a prior decision of that court, *State v. Ellerson*, 125 Ariz. 254, 609 P.2d 69 (No. 1 CA–CR 1621, 1980), held that when the defendant took the stand and "drew the sting," by admitting the prior felony convictions, he waived the right to object to the previous ruling of the trial court denying his motion to preclude the use of the prior felony convictions for impeachment purposes.

■ After the instant decision of the Court of Appeals, this court, in *State v. Ellerson*, 125 Ariz. 249, 609 P.2d 64 (No. 4839–PR, filed 27 February 1980), held that the defendant did not waive the right to object to the ruling of the trial court by "drawing the sting" during the time of trial. In doing so, we cited a case from the United States Court of Appeals for the Ninth Circuit where a defendant, because of an adverse ruling on his motion to exclude impeachment by prior conviction, elected not to testify. The Ninth Circuit stated:

"It pushes the doctrine of waiver beyond its usual criminal-law application to say that a defendant responding to an erroneous ruling by the trial court by remaining silent has waived his right to testify. And waiver becomes even less convincing if we say that by remaining silent under the constraint of an erroneous ruling on a point of law the defendant has waived his right to challenge that ruling on appeal." *United States v. Cook*, 608 F.2d 1175 (9th Cir. 1979).

We then stated in *Ellerson, supra*:

"We agree with the Ninth Circuit that a party should not necessarily lose his right to appeal a ruling because he alters his strategy in response to a trial court's finding against him. We hold that the defendant may raise on appeal the ruling of the trial judge denying defendant's motion to exclude evidence of the prior conviction for burglary." At 251, 609 P.2d at 66.

We believe that *Ellerson, supra*, is dispositive of this case, and we will proceed to the merits of the denial of the motion by the trial judge.

## DENIAL OF THE MOTION IN LIMINE

Rule 609(a) and (b), Arizona Rules of Evidence, reads:

"Rule 609. Impeachment by Evidence of Conviction of Crime

"(a) General Rule. For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted if elicited from him or established by public record, if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect, and if the crime (1) was punishable by death or imprisonment in excess of one year under the law under which he was convicted or (2) involved dishonesty or false statement, regardless of the punishment.

"(b) Time Limit. Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date, unless the court determines, in the interests of justice, that the probative value of the conviction

supported by specific facts and circumstances substantially outweighs its prejudicial effects. * * * "

The prior convictions were obtained in 1965, and trial in this case was in November of 1978. Although we do not know when defendant was released from confinement, the convictions are more than ten years old.

■ Under both Rule 609 and the law as it existed prior to the adoption of the Arizona Rules of Evidence, whether to admit evidence of a prior conviction for impeachment purposes is left to the sound discretion of the trial judge. *State v. King*, 110 Ariz. 36, 514 P.2d 1032 (1973); *State v. Soule*, 121 Ariz. 505, 591 P.2d 993 (App.1979). We have stated:

"In deciding whether a prior conviction can be utilized for impeachment purposes, the trial court takes into account many factors such as the remoteness of the conviction, the nature of the prior felony, the length of the former imprisonment, the age of the defendant, and his conduct since the prior offense. *State v. King, supra.* There are no set guidelines. Because of the many factors to be taken into consideration, the admissibility of prior convictions is left to the sound discretion of the trial judge whose decision will not be overturned in the absence of an abuse of discretion." *State v. Domme*, 111 Ariz. 464, 465–66, 532 P.2d 526, 527–28 (1975).

■ Defendant's prior convictions were for perjury, certainly dishonesty or false statements. The trial court did not err in finding that the probative value of defendant's two prior convictions for the purpose of impeachment outweighed the admittedly prejudicial effect of their admission. We find no error.

Judgment affirmed.

STRUCKMEYER, C. J., HOLOHAN, V. C. J., and HAYS and GORDON, JJ., concur.