**UNITED STATES of America**
v.
**Lawrence J. MALONEY.**
Crim. No. 64-415.

United States District Court
W. D. Pennsylvania.
May 13, 1965.

**50**

———◇———

Gustave Diamond, U. S. Atty., Samuel J. Reich, First Asst. U. S. Atty., Pittsburgh, Pa., for plaintiff.

Harold Gondelman, Pittsburgh, Pa., for defendant.

WEBER, District Judge.

Defendant has been indicted for income tax evasion. By a Bill of Particulars the Government has listed certain witnesses who will testify that they paid money to defendant which he omitted to report as income. These witnesses had been previously arrested, indicted or convicted for federal violations, and defendant's counsel has filed a Motion ex parte Defendant to Strike Appearances of the United States Attorney and the First Assistant United States Attorney. He alleges in his motion that his investigation discloses that each of the witnesses named has been offered inducements to testify against the defendant. He, therefore, proposes to call the prosecuting attorneys as witnesses for the defense to attack the credibility of the government witnesses. He then recites that it would be prejudicial to the defendant if, after having been called as witnesses, the prosecuting attorneys were to be allowed to continue the conduct of the case. He adds that the Motion is made at this time so that the Government is apprised of his intention, and will be foreclosed from continuing the trial of the case upon the happening of these events.

■ While the defendant has the right to have compulsory process to obtain witnesses in his behalf under the Sixth Amendment to the Constitution of the United States and, therefore, to have subpoenas issued, the determination of whether or not to allow a witness to take the stand is a matter within the discretion of the Trial Judge.

■■ The circumstances under which a Court will allow an attorney for a party, even a prosecuting attorney, to take the witness stand must be such that a compelling reason for such a move, contrary to the usual well-ordered rules for the conduct of a trial, are present. The Court may, without an abuse of discretion, refuse to allow the defense to call the prosecuting attorney as a witness on its behalf. Gajewski v. United States, 321 F.2d 261 (8th Cir. 1963); Hayes v. United States, 329 F.2d 209 (8th Cir. 1964).

We believe that the entire matter is premature. Whether or not defendant will call the United States Attorney at trial may very well depend upon the testimony developed at trial. We do not believe that counsel can state definitely at this time what will be required, particularly since defense counsel has indicated that the testimony which he will attempt to elicit is for the purpose of attacking the credibility of the government witnesses.

Defendant's Motion, unsupported by affidavits or other evidentiary material, does not disclose evidence that defendant intends to produce by these witnesses. It merely recites that the witnesses will be called "to ascertain what, if any, 'deals' were made for and on behalf of the United States" with the named government witnesses to secure their testimony. Certainly all prosecutors investigate their cases and interview witnesses, but this in itself furnishes no ground for calling them as witnesses.

It is further premature because there would still be a question of the propriety of calling the United States Attorney as a witness for the defense. This is a matter for the discretion of the trial judge, and the exercise of that discretion will be governed by the status of the evidence at the time defendant wishes to make his move.

The Trial Court is vested with wide discretion in this matter. We cannot

pass upon the propriety of allowing the defendant to take this unusual step at this time. Only when the move is made, and presumably only upon a full offer of proof, can this matter be passed upon properly.

■ Finally, the motion to strike the appearance of the United States Attorney at this time because he might be called as a witness is premature. While ordinarily an attorney who appears as a witness for his own client, except for purely formal matters, should step down from his position as advocate under the precept of Canon 19 of the Canons of Professional Ethics. We do not find either the rule or the logic of the rule applicable to a prosecuting attorney who is called as a witness for the defense. If all of the other matters which we have discussed have been resolved, the actual move of the defense to call the prosecutor to the stand, the necessary ground being laid for the introduction of such testimony, the offer of proof of the defendant, the exercise of the court's discretion to allow such testimony, then the trial court, in the light of its prior decisions, can properly determine whether the prosecuting attorney should withdraw. If the demand is made on the ground that defendant will be prejudiced by the prosecuting attorney's continuing the representation, the answer can well be that it is the defendant who has created the situation. No rule or necessity of disqualification is shown at this time, and even if the prosecutors should be allowed to testify, they are not thereby automatically disqualified.

■ Defendant's motion serves one useful purpose. It was noted in passing in Hayes v. United States, 329 F.2d 209 (8th Cir. 1964), that the defendant had given no prior notice to the Government of their intention to call one of the prosecuting attorneys. Although the Court, for other reasons, refused to allow the United States Attorney to be called, it remarked that this move was not made until the Government was well along in its case.

Here, defendant's motion has at least given the Government notice of a possible intention to call the United States Attorney as a defense witness. The Government is thus on notice, and if the move is made, and if the testimony is allowed, and if the United States Attorney is thereafter disqualified by the Court, then the Government may be foreclosed from asking for a continuance of the trial. All of these matters are highly speculative at this time.

For the reasons above set forth the Motion will be denied without prejudice to its being renewed at a proper time.