359 F.2d 776
 UNITED STATES of America
v.
Stephen Luther EVANS, Appellant.
UNITED STATES of America ex rel. Stephen Luther EVANS, Appellant,
v.
Edward T. HENDRICK, Superintendent of Prisons, Philadelphia County.
 No. 15266.
 No. 15265.
 United States Court of Appeals Third Circuit.
 Argued February 21, 1966.
 Decided March 24, 1966.
 Rehearing Denied April 12, 1966.
 
 David Weinstein, Philadelphia, Pa., for appellants.
 John R. Sutton, Asst. U. S. Atty., Drew J. T. O'Keefe, U. S. Atty., Harold S. O'Brian, Jr., Asst. U. S. Atty., Philadelphia, Pa., for appellees.
 Before HASTIE and SMITH, Circuit Judges, and KIRKPATRICK, District Judge.
 PER CURIAM.
 
 
 1
 This appeal from a conviction of bank robbery raises several points.
 
 
 2
 At the trial it was shown that at a lineup a witness had identified the accused as the culprit in this case, and that the accused was required to submit to this viewing at a time when he was being detained by the police for preliminary hearing on an entirely different charge. While this case differs in some particulars from Rigney v. Hendrick, 355 F.2d 710, in which this court disapproved Butler v. Crumlish, E.D.Pa.1964, 229 F.Supp. 565, upon which appellant relies, we think the principles of the Rigney case are controlling in this case and require us to hold that the process of identification here did not deprive the accused of any constitutional right.
 
 
 3
 We have not overlooked the point that in the lineup the appellant was required to wear sunglasses, as did the robber during the holdup. This was constitutionally unobjectionable, particularly since there is no contention that the other persons in the lineup did not wear sunglasses.
 
 
 4
 Next, appellant urges that the testimony identifying him as the robber was so weak or inconclusive that it was error for the trial court to refuse to give a cautionary instruction minimizing that testimony. Our examination of the testimony of the identifying witnesses satisfies us that no such instruction was necessary.
 
 
 5
 Finally, appellant contends that his counsel was unduly restricted in his effort to cross-examine an identifying witness concerning her ability to make identifications in other circumstances. While the court could properly have permitted such testing of the capacity of the witness to observe and recall, a court has wide discretion in permitting, prohibiting or curtailing such excursions. In all of the circumstances of this case, we are satisfied that the court did not act unfairly or abuse its discretion in restricting cross-examination.
 
 
 6
 In addition to appealing from his conviction, the accused also attempted to challenge the constitutionality of his conviction by a writ of habeas corpus filed in the district court after his conviction but before sentence. The court denied the writ. The petition for habeas corpus was both untimely and inappropriate. Moreover, the points sought to be raised are presented by the direct appeal and, in that posture, are decided in this opinion.
 
 
 7
 Upon appeal, the conviction and sentence will be affirmed. The denial of habeas corpus will also be affirmed.