**UNITED STATES of America, ex rel. Samuel PRIEST, Petitioner,**

v.

**The DEPARTMENT OF CORRECTIONS OF the STATE OF DELAWARE ex rel. William NARDINI, Commissioner, Respondent.**

**No. 66.**

United States District Court
D. Delaware.

May 24, 1967.

## OPINION

LAYTON, District Judge.

The petitioner, Samuel J. Priest, was convicted of robbery in the Delaware Superior Court. His conviction and the denial of his motion in Superior Court to "correct an illegal sentence" were affirmed on appeal by the Delaware Supreme Court. Priest v. State of Delaware, 227 A.2d 576 (Del.1967). This petition for a writ of habeas corpus was thereupon filed.

The facts are not in dispute, and are fully set out in the Delaware Supreme Court opinion, supra. The petitioner's sole argument in this proceeding is that his inability to post the $500 bail set by Wilmington Municipal Court on an auto theft charge caused his detention and interrogation on a second charge, for which he was convicted, in violation of the Equal Protection clause of Section 1 of the Fourteenth Amendment to the United States Constitution.[1] The petitioner argues that another person, similarly charged with one offense, who could post bail, would avoid such further police interrogation. He argues, therefore, that he, as one unable to meet bail requirements, was not given equal protection of the laws with one who could so meet bail.

The system of bail is firmly established in the American legal system, and is recognized both by the United States and by the Delaware Constitutions. U.S.Const. Amend. VIII; Del. Const. Art. 1 § 12, Del.C.Ann. One purpose of bail is to allow an accused, who is presumed innocent, to avoid unnecessary incarceration and adequately prepare his defense. However, the right to release before trial is conditioned upon the accused's providing adequate and reasonable assurance that he will stand trial when summoned by the Court and submit to sentence if convicted. Stack v. Boyle, 342 U.S. 1, 4, 72 S.Ct. 1, 96 L.Ed. 3 (1951). The petitioner makes

---

James F. Kipp, Wilmington, Del., for petitioner.

Jay P. James, Deputy Atty. Gen. of State of Delaware, Wilmington, Del., for respondent.

1. " * * * No State shall make or enforce any law which shall * * * deny to any person within its jurisdiction the equal protection of the laws."

no claim that the bail set for him was unreasonable or excessive.

 Despite the historical Constitutional tradition of bail, the petitioner contends that his failure to meet bail subjected him to unequal, and, therefore, unconstitutional treatment by the police. In order to show a denial of equal protection, the petitioner must show that another person in his class was given different treatment. In this connection, the petitioner argues that his class is one of persons arrested for a crime. However, in my view, the petitioner's class is a narrower one, and within it, his treatment was equal with others similarly situated. This question was recently dealt with in Rigney v. Hendrick, 355 F.2d 710 (3d Cir. 1965), cert. den. 384 U.S. 975, 86 S.Ct. 1868, 16 L.Ed. 2d 685 (1966). In discussing a problem nearly identical to the one here (subjecting an accused unable to meet bail to a police lineup rather than continued police questioning), the Circuit Court said:

" * * * The final contention of appellants is that they would be denied equal protection of the law if compelled to participate in a lineup because those free on bail cannot be compelled to participate without first being arrested and charged with the specific crimes for which they will be viewed. The Constitution prohibits unequal treatment based upon an unreasonable classification. Douglas v. People of State of California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963). The Supreme Court there stated:

' * * * [A] State can, consistently with the Fourteenth Amendment, provide for *differences* so long as the result does not amount to a denial of due process or an "invidious discrimination." Williamson v. Lee Optical [Co.] of Oklahoma, 348 U.S. 483, 489 [75 S.Ct. 461, 99 L.Ed. 563]; Griffin v. [People of State of] Illinois, supra, [351 U.S. 12] p. 18 [76 S.Ct. 585, 100 L.Ed. 891]. *Absolute equality is not required*; lines can be and are drawn and we often sustain them.' * * * * " (Emphasis supplied.)

\* \* \* \* \* \*

"We have already held that there is no violation of due process of law in these cases. We have found that the lineup procedure is both reasonable and consistent with the rules of fundamental fairness. Such reasonable methods employed by police for the solution of crime must not be lightly outlawed. As the Supreme Court said in Ker v. State of California, 374 U.S. 23, 34, 83 S.Ct. 1623, 1630, 10 L.Ed.2d 726 (1963), in an analogous situation: ' * * * The States are not * * * precluded from developing workable rules governing arrests, searches and seizures to meet "the practical demands of effective criminal investigation and law enforcement" * * * '."

\* \* \* \* \* \*

"Here we cannot find an invidious discrimination for the different methods employed by the police in securing the identification of a suspected criminal are made necessary because of the difference in circumstances in which those free on bail and those detained find themselves. Admittedly, there is a classification between those who can and those who cannot make bail. The Constitution, however, permits such a classification, and any differences here, arise solely because of the inherent characteristics of confinement and cannot constitute invidious discrimination."

See also United States v. Evans, 359 F.2d 776 (3d Cir. 1966); Gilbert v. United States, 366 F.2d 923, 946 (9th Cir. 1966).

 From the above discussion it is evident that a proper classification can be made between those persons held in custody in lieu of bail and those who are not. Being subjected to police questioning following failure to meet bail does not amount to invidious discrimination, as contended by the petitioner, nor is it a denial of due process as no Escobedo-Miranda rights violations are claimed.

The petitioner does not claim that he was treated differently from any other accused held in lieu of bail. Therefore, his claim to a denial of the equal protection of the laws must be rejected.

The petition raises no other Constitutional grounds. The petition for a writ of habeas corpus is denied.