554 P.2d 1282
**The STATE of Arizona, Petitioner,**

**v.**

**The Honorable James HOWARD, Judge Pro Tempore of the Superior Court, and the Honorable Ben C. Birdsall, Judge of the Superior Court, Respondents,**
**and**
**Anthony I. CATANIA, Real Party in Interest.**

**No. 2 CA–CIV 2294.**

Court of Appeals of Arizona,
Division 2.
Aug. 31, 1976.

David G. Dingeldine, Pima County Atty.
by David L. Berkman, Deputy County
Atty., Tucson, for petitioner.

Hirsh, Shiner & Polis, P. C. by Robert
J. Hirsh, Tucson, for real party in interest.

## OPINION

KRUCKER, Judge.

This special action challenges two orders of the respondent court: (1) an order that the prosecutor assigned to represent the State in a pending criminal case withdraw as attorney for the State, and (2) a later order refusing to reinstate the prosecutor. At the conclusion of oral argument, we assumed jurisdiction and granted relief, directing the respondent court to reinstate the attorney originally assigned to represent the State and indicated that this opinion would follow.

Real party in interest, hereinafter referred to as defendant, was arrested at his home in January, 1976, by Detective Smith, who was accompanied by Michael P. Callahan, Deputy County Attorney assigned to prosecute Cause No. A–29546. Defendant was advised of his constitutional rights and transported to the Pima County Jail by Detective Smith, accompanied by Callahan. Enroute to the jail, defendant made certain statements to the detective concerning his personal financial status, which remarks were overheard by Callahan. At a voluntariness hearing held on July 6, 1976, defense counsel orally moved that Mr. Callahan be disqualified as prosecutor in the case because of the fact that his presence during the arrest made him a witness in the case. Mr. Callahan was called by the defense to testify at the hearing and on July 7 the Honorable James M. Howard granted the defense motion and ordered that Mr. Callahan was not to represent the State.

On August 3, 1976, the substitute prosecutor assigned to the case wrote a letter to defense counsel and offered to not use the custodial statements made by the defendant to Detective Smith in the presence of Mr. Callahan either in the State's case in chief, for impeachment, or for rebuttal, and to withdraw its special action filed in this court. In exchange, it requested defense counsel to agree to Mr. Callahan's prosecution of the case. No response was received to this offer and on August 6, the State filed a motion to reinstate Mr. Callahan as prosecutor, based on the fact that the State was willing to forego use of any of the statements made by the defendant in the presence of Mr. Callahan. The State's position was that new circumstances provided grounds to vacate the earlier order requiring Mr. Callahan to withdraw as prosecutor. It pointed out that its willingness to forego use of the statements and any reference whatsoever to the entire conversation which took place in Mr. Callahan's presence was based on a desire to proceed as swiftly as possible with the prosecutor who had already spent more than seven months investigating and preparing the case for trial, "thereby assuring not only the State of the right to prove its case in the best manner possible, but also assuring that there not be the slightest hint of impropriety in the prosecutor's actions that could even remotely be construed as jeopardizing defendant's right to a fair trial." The State also pointed out that by agreeing not to use the statements, defense objections to Mr. Callahan as prosecutor which formed the predicate for the original motion to remove him were no longer valid. The State's motion for reinstatement was denied by the Honorable Ben C. Birdsall. (Apparently Judge Howard was on vacation and therefore unavailable to reconsider his July 7 order.)

We agree with the State that, assuming arguendo the court had discretion in the matter, the July 7 order requiring Mr. Callahan to withdraw from the case as prosecutor was an abuse of such discretion. If it was concerned about the possibility of Mr. Callahan testifying on behalf of the prosecution, the ruling was premature. Although it is generally held that a prosecutor is competent to testify in a criminal case for the State even though he is engaged in the prosecution of the case, courts have generally disapproved the practice except in the extraordinary circumstances. *See,* Annot., 54 A.L.R.3d 100 § 4 (1974). In some instances a prosecutor's testifying in a case he is prosecuting has resulted in reversal of the defendant's conviction. E. g., *State v. Hayes,* 473 S.W.2d 688 (Mo. 1971); *Cummings v. Commonwealth,* 221 Ky. 301, 298 S.W. 943 (1927); *People v. McCoy,* 44 Ill.2d 458, 256 N.E.2d 449 (1970); *People v. Spencer,* 182 Colo. 189, 512 P.2d 260 (1973).

In the case at bench, when defense counsel moved to disqualify the prosecutor it was apparent that the prosecutor would not find it necessary to testify since the defendant's statements could be testified to by a third person, the police detective to whom the statements were made. Thus, the prosecutor himself saw no need to withdraw from the case.[1] If, at the time of trial, the prosecutor concluded that his testimony was necessary on behalf of the State, he might find himself precluded, absent extraordinary circumstances, from doing so as the question of whether he should be allowed to testify is left to the discretion of the trial court. See cases, Annot., 54 A.L.R.3d 100 § 4.

---

1. Courts have generally held or recognized that when a prosecuting attorney, involved in the prosecution of a criminal case, finds it necessary to testify on behalf of the prosecution, he should withdraw and leave the trial of the case to other counsel. *Adams v. State,* 202 Miss. 68, 30 So.2d 593 (1947); *Frank v. State,* 150 Neb. 745, 35 N.W.2d 816 (1949); *Tomlin v. State,* 81 Nev. 620, 407 P.2d 1020 (1965), cert. den., 384 U.S. 990, 86 S.Ct. 1894, 16 L.Ed.2d 1006; *State v. DeHart,* 242 Wis. 562, 8 N.W.2d 360 (1943); *Clark v. State,* 370 P.2d 46 (Okl.Cr.App.1962); *State v. Fackrell,* 44 Wash.2d 874, 271 P.2d 679 (1954); *State v. Spencer,* 186 Kan. 298, 349 P.2d 920 (1960).

■ Also committed to the discretion of the trial court is the question of whether the defendant should be allowed to call a prosecuting attorney as a witness. *Gajewski v. United States,* 321 F.2d 261 (8th Cir. 1963), cert.den., 375 U.S. 968, 84 S.Ct. 486, 11 L.Ed.2d 416; *United States v. Maloney,* 241 F.Supp. 49 (W.D.Pa.1965); *People v. Gendron,* 41 Ill.2d 351, 243 N.E. 2d 208 (1968), cert.den., 396 U.S. 889, 90 S.Ct. 179, 24 L.Ed.2d 164; *People v. Nelson,* 89 Ill.App.2d 84, 233 N.E.2d 64 (1967); *State v. Stiltner,* 61 Wash.2d 102, 377 P.2d 252 (1962), cert.den., 380 U.S. 924, 485 S.Ct. 928, 13 L.Ed.2d 810. Although a prosecutor, when he finds it necessary to testify on behalf of the prosecution, should withdraw, he has no such duty when called on behalf of the defendant. *Chessman v. Teets,* 239 F.2d 205 (9th Cir. 1956), vacated on other grounds, 354 U.S. 156, 77 S.Ct. 1127, 1 L.Ed.2d 1253; *United States v. Maloney,* supra.

■ It appears that the basis for the July 7 order was not that Mr. Callahan would be a witness for the prosecution but rather that the defense "might" call him as a witness. In *United States v. Maloney,* supra, defense counsel filed a pre-trial motion to strike the appearances of the United States Attorney and his assistant on the grounds that he proposed to call them as witnesses for the defense to attack the credibility of government witnesses. He stated that it would be prejudicial for the defendant if, after having been called as witnesses, prosecuting attorneys were to be allowed to continue the conduct of the case. We believe the following statement in *Maloney,* supra, applies here:

> "It is further premature because there would still be a question of the propriety of calling the United States Attorney as a witness for the defense. This is a matter for the discretion of the trial judge, and the exercise of that discretion will be governed by the status of the evidence at the time defendant wishes to make his move.

The Trial Court is vested with wide discretion in this matter. We cannot pass upon the propriety of allowing the defendant to take this unusual step at this time. Only when the move is made, and presumably only upon a full offer of proof, can this matter be passed upon properly.

Finally, the motion to strike the appearance of the United States Attorney at this time because he might be called as a witness is premature. While ordinarily an attorney who appears as a witness for his own client, except for purely formal matters, should step down from his position as advocate under the precept of Canon 19 of the Canons of Professional Ethics. [sic] We do not find either the rule or the logic of the rule applicable to the prosecuting attorney who is called as a witness for the defense. If all of the other matters which we have discussed have been resolved, the actual move of the defense to call the prosecutor to the stand, the necessary ground being laid for the introduction of such testimony, the offer of proof of the defendant, the exercise of the court's discretion to allow such testimony, then the trial court, in the light of its prior decisions, can properly determine whether the prosecuting attorney should withdraw. If the demand is made on the ground that defendant will be prejudiced by the prosecuting attorney's continuing the representation, the answer can well be that it is the defendant who has created the situation. No rule or necessity of disqualification is shown at this time, and even if the prosecutors should be allowed to testify, they are not thereby automatically disqualified." 241 F.Supp. at 50–51.

Thus, the July 7 order requiring Mr. Callahan to withdraw as prosecutor was improper. The fact that defense counsel "might" want to call him as a witness for the defense afforded no basis for disqualifying Mr. Callahan. When the State, by its offer not to use the defendant's statements,

demonstrated that there would be no need for the defense to call Mr. Callahan as a witness, the erroneous disqualification order should have been rescinded.

This opinion constitutes the reasons of this court for having granted relief and having directed the reinstatement of Mr. Callahan as the prosecutor in Cause No. A–29546.

HOWARD, C. J., and HATHAWAY, J., concur.