600 P.2d 1126

## The STATE of Arizona, Appellee,

v.

## Hearold Wayne CROSS, Appellant.

### No. 2 CA–CR 1594.

Court of Appeals of Arizona, Division 2.

July 20, 1979.

Rehearing Denied Sept. 5, 1979.

Review Denied Oct. 2, 1979.

Robert K. Corbin, Atty. Gen., by William J. Schafer, III and Lynn Hamilton, Asst. Attys. Gen., Phoenix, for appellee.

Richard S. Oseran, Pima County Public Defender, by Lawrence H. Fleischman, Asst. Public Defender, Tucson, for appellant.

## OPINION

HOWARD, Judge.

Appellant was convicted by a jury of second-degree burglary and grand theft. He admitted a prior conviction of burglary and was sentenced to the custody of the Department of Corrections to concurrent terms of five to ten years on the burglary and 10 to 15 years on the theft.

■ During the state's case-in-chief one of its witnesses testified on direct examination that he was shown a "mug shot" of the defendant. Although no objection was made to this testimony none was necessary and reversible error was committed. *State v. Jacobs,* 94 Ariz. 211, 382 P.2d 683 (1963).[1]

■ Since the case may be retried, we shall address the other issue which appellant has raised. Prior to trial, he moved in limine to prevent the state from introduc-

ing into evidence, if he testified in his own behalf, his burglary conviction of six years before. After hearing argument from both counsel, the trial court, without comment, denied the motion. Appellant contends this was error because the trial court failed to explicitly find that the prejudicial effect of the evidence would be outweighed by its probative value.

With a few changes, Arizona has adopted the new Federal Rules of Evidence. Rule 609(a) of the Rules of Evidence For Courts in the State of Arizona states:

"For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted if elicited from him or established by public record, *if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect,* and if the crime (1) was punishable by death or imprisonment in excess of one year under the law under which he was convicted or (2) involved dishonesty or false statement, regardless of the punishment." (Emphasis added)

Our rule differs from Rule 609(a) of the Federal Rules of Evidence. Under the federal rule, conviction of a crime involving dishonesty or false statement is *automatically* admissible without a determination by the court that the probative value of this evidence outweighs its prejudicial effect to the defendant, *United States v. Smith,* 179 U.S.App.D.C. 162, 551 F.2d 348 (D.C. Cir. 1976), 39 A.L.R.Fed. 539, whereas the Arizona rule requires such a determination even if the prior conviction involved dishonesty or false statements.

Due to the similarity, federal cases dealing with the admissibility of convictions for crimes other than those involving dishonesty or false statements, are instructive.[2] The federal courts have observed that Rule 609(a) shifts to the prosecution the burden of demonstrating that the probative value

---

1. For a general discussion of the issues posed by Rule 609(a), Federal Rules of Evidence, see Annot. 39 A.L.R.Fed. 570 and the cases cited therein.

2. Unlike *State v. Kelly,* 111 Ariz. 181, 526 P.2d 720 (1974), the error here was not harmless beyond a reasonable doubt.

on the issue of credibility outweighs prejudicial effect to the defendant. *United States v. Hayes,* 553 F.2d 824 (2nd Cir. 1977), cert. den. 434 U.S. 867, 98 S.Ct. 204, 54 L.Ed.2d 143; *United States v. Smith,* supra; *United States v. Mahone,* 537 F.2d 922 (7th Cir. 1976), cert. den. 429 U.S. 1025, 97 S.Ct. 646, 50 L.Ed.2d 627.

Federal Rule 609(a) and our own rule, state that evidence of a prior conviction shall be admissible upon a determination by the trial court that the prejudicial effect of this evidence is outweighed by its probative value. This raises the question of whether or not the trial court must make a specific finding on the record. The appellate courts in a few cases have urged the trial courts to conduct a hearing on the record to determine probative value vís-a-vís prejudicial effect under Rule 609(a) of the Federal Rules of Evidence and to make their findings thereon explicit.

In *United States v. Mahone,* supra, the Court affirmed the defendant's conviction of possession of an unregistered firearm, finding it implicit in the record that the trial judge had, as required by Rule 609(a) of the Federal Rules of Evidence, weighed the prejudicial effect of evidence of the defendant's prior robbery conviction against the probative value of the evidence for impeachment purposes. The Court said that in the future, to avoid the unnecessary raising of the issue of whether the trial court had meaningfully invoked its discretion under Rule 609, the trial judges should make such a determination after a hearing on the record and also explicitly find that the prejudicial effect of the evidence to the defendant would be outweighed or not outweighed by its probative value. When such a hearing on the record is held and a finding made, the Court concluded, it would be easy to determine on review whether the judge followed the strictures of Rule 609(a) in reaching his decision.

Holding that the trial court committed prejudicial error in failing to apply Rule 609(a) of the Federal Rules of Evidence, the court in *United States v. Smith,* supra, said that it need not assess the independent significance of the lack of an explicit finding that the probative value of a prior conviction of the accused outweighed the prejudicial effect to him. Nor did it have to decide, in particular, whether the lack of such a finding inevitably implied a failure to exercise meaningfully the discretion conferred by Rule 609. The court pointed out, however, that while it did not reach the question whether a trial judge must provide an on-the-record explanation of his Rule 609 finding, it should be obvious to any careful trial judge that an explicit finding in the terms of the rule would be of great utility, if indeed not required, on appellate review, and that some indication of the reasons for the finding would be very helpful.

In commenting upon the hearing suggested in *United States v. Mahone,* supra, that Court stated:

"The hearing need not be extensive. Bearing in mind that Rule 609 places the burden of proof on the government . . . the judge should require a brief recital by the government of the circumstances surrounding the admission of the evidence, and a statement of the date, nature and place of the conviction. The defendant should be permitted to rebut the government's presentation, pointing out to the court the possible prejudicial effect to the defendant if the evidence is admitted." *United States v. Mahone,* supra, at 929.

The record here shows that the hearing envisioned by *Mahone* was held by the trial judge but she failed to make any explicit finding on the record as *Mahone* suggests.

As did the Court in *Mahone,* we urge trial judges, after a hearing on the record, to make an explicit finding that the prejudicial effect of the evidence is outweighed by its probative value before it admits prior convictions into evidence.

Reversed and remanded for new trial.

RICHMOND, C. J., and HATHAWAY, J., concur.