606 P.2d 25

**The STATE of Arizona, Appellee,**

v.

**Richard Noriega BECERILL, Appellant.**

**No. 2 CA–CR 1726.**

Court of Appeals of Arizona, Division 2.

Dec. 5, 1979.

Rehearing Denied Jan. 16, 1980.

Review Denied Feb. 5, 1980.

Robert K. Corbin, Atty. Gen. by Bruce M. Ferg, Asst. Atty. Gen., Tucson, for appellee.

Richard S. Oseran, Pima County Public Defender by P. Donovan Riddle, Asst. Public Defender, Tucson, for appellant.

## OPINION

HATHAWAY, Judge.

Appellant was tried to a jury, found guilty of two counts of armed robbery, and sentenced to concurrent terms of not less than ten nor more than thirty years' imprisonment in the Arizona Department of Corrections. Three prior felony convictions had been alleged and appellant was found to have committed those.

This appeal raises four questions:

1. Did the trial court disregard the requirements of 17A A.R.S., Rules of Evidence, Rule 609, when it denied appellant's motion to suppress impeachment evidence of prior felony convictions?

2. Was it error to deny appellant's motion to continue the trial date because some of his witnesses could not be found?

3. Was it error, when the prior convictions were proven, to permit the jury to know that appellant had been known by an alias?

4. Were the sentences excessive?

We find no reversible error and affirm.

■ Appellant raises two issues regarding the hearings on his motions to bar use for impeachment of his 1976 felony convictions for burglary, grand theft and possession of a stolen motor vehicle. He first claims Judge Birdsall erred in not requiring the state to carry the burden of proof on this issue. The state argues that Arizona law does not require it to do so. This is incorrect. The express intent of the new rules was to shift the burden to the prosecution. *United States v. Smith,* 179 U.S. App.D.C. 162, 551 F.2d 348 (D.C. Cir. 1976); *State v. Cross,* 123 Ariz. 494, 600 P.2d 1126 (1979). The requirement that the prosecution carry the burden of proof in a Rule 609 hearing is a clear expression of congressional intent. See *United States v. Smith,* supra, 179 U.S.App.D.C. at 174–175, 551 F.2d at 360–361.

■ We find, however, the state did fulfill its burden despite its mistaken belief. The prior convictions were relatively recent and, as argued by the state, all bore on appellant's honesty. Appellant's argument as to the cumulative prejudicial effect of all three convictions was raised by trial counsel, opposed by the state, and as mentioned by the court, taken into account even before specifically raised by counsel. We find no abuse of the court's discretion in denying appellant's motion.

■ Appellant argues that even if the initial hearing was procedurally correct, Judge Buchanan should have held a de novo hearing on his renewed motion just before trial. 17 A.R.S., Rules of Criminal Procedure, Rule 16.1, provides that an issue once determined by the trial court shall not be reconsidered except for good cause shown. The Rule 609 determination considers the prejudicial effect on the defendant of allowing prior convictions to be introduced to impeach against the probative value of introducing those convictions. This determination does not involve a consideration of other evidence, or the lack thereof, which the defense might have to offer at trial. Here the "good cause" raised by appellant was the unavailability of certain defense witnesses at the time. The testimony of these witnesses would have been cumulative of the testimony of other defense witnesses who testified at trial. This does not satisfy the good cause requirement and where the original hearing by the first judge is procedurally correct, it is not error for the second judge not to hold another Rule 609 hearing.

## DENIAL OF MOTION TO CONTINUE

■ The record indicates that appellant was granted numerous continuances to permit him to locate missing witnesses. The actual delay in the commencement of the trial was about 10½ months. As mentioned above, the testimony of the missing witnesses would presumably have been cumulative. The granting of a continuance is within the sound discretion of the trial court and, under the circumstances, we find no abuse of discretion. *State v. Lacquey,* 117 Ariz. 231, 571 P.2d 1027 (1977); *State v. Benge,* 110 Ariz. 473, 520 P.2d 843 (1974); *State v. Downing,* 109 Ariz. 456, 511 P.2d 638 (1973). The circumstances here are distinguishable from those in *State v. Foster,* 121 Ariz. 287, 589 P.2d 1319 (App.1978), and *State v. Reynolds,* 123 Ariz. 117, 597 P.2d 1020 (App.1979). Furthermore, even applying the factors to be considered, as set forth in *Foster* and *Reynolds,* we find no abuse of discretion.

## INFORMING JURY OF ALIAS WHEN PROVING PRIOR CONVICTIONS

■ Appellant cites *State v. Randall,* 8 Ariz.App. 72, 443 P.2d 434 (1968), as support for his position that it was error to permit the jury to learn that he had been known by an alias. In *Randall,* however, the alias was included in the indictment charging the offense for which the defendant was being tried. Here, in contrast, appellant had al-

ready been found guilty of the offense charged. Unlike the situation in *Randall*, supra, appellant has shown no prejudice.

## EXCESSIVE SENTENCE

The sentence was within statutory limits and will not be disturbed unless it is clearly excessive. *State v. Pickard,* 105 Ariz. 219, 462 P.2d 87 (1969). Appellant could have been sentenced to two consecutive life sentences for the two robbery convictions. Therefore, we do not find the sentences excessive.

We affirm the convictions and modify the sentences to read imprisonment in the state prison for the designated terms, rather than to the Department of Corrections.

RICHMOND, C. J., and HOWARD, J., concur.