612 P.2d 59

**The STATE of Arizona, Appellee,**

v.

**Dorothy Jean ETHRIDGE, Appellant.**

**No. 2 CA–CR 1807.**

Court of Appeals of Arizona, Division 2.

April 3, 1980.

Rehearing Denied May 7, 1980.

Review Denied May 28, 1980.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III, and David R. Cole, Phoenix, for appellee.

Kathleen Alistair McCarthy, Tucson, for appellant.

## OPINION

RICHMOND, Judge.

Dorothy Ethridge appeals from her conviction and concurrent sentences on two counts of unlawful possession for sale of a narcotic drug. She challenges denial of her motion in limine to preclude use for impeachment of her prior conviction of possession of narcotics, and the denial of her motion to vacate judgment and for new trial on the grounds of newly discovered evidence. The latter ruling was based on the assertion by a witness of his privilege against self-incrimination. We affirm.

Ethridge was tried in March 1979. Shortly before jury selection the court heard argument in chambers on the motion in limine. The record reflects that defense counsel argued the remoteness of a conviction approximately five years old and the difference between possession for sale and mere possession despite their apparent simi-

larity. The prosecuting attorney argued that the conviction was highly probative as to the defendant's credibility regarding her predisposition, motive, intent and knowledge of drugs. The court denied the motion without stating its finding on the determination required by 17A A.R.S. Rules of Evidence, rule 609(a), that the probative value of admitting evidence of the prior conviction outweighs its prejudicial effect. As a result of the ruling Ethridge did not testify.

▓ Although the trial judge did not make an explicit finding of the rule 609(a) determination, as urged by this court in an opinion issued subsequent to the trial of this case, *see State v. Cross*, 123 Ariz. 494, 600 P.2d 1126 (App.1979), it is clear that a hearing on the issue was conducted. The argument on appeal that the judge failed to use the discretion required of him by the rule was advanced and rejected on Ethridge's motion for new trial. While we do not retreat from our position in *Cross*, we find no reversible error in the ruling here.[1] *See also State v. Ellerson*, 125 Ariz. 249, 609 P.2d 64 (1980).

Ethridge's other contention is that by allowing a witness to make a blanket assertion of his privilege against self-incrimination, the trial court deprived her of fundamental constitutional rights to due process and to compel the attendance of witnesses in her own behalf. According to testimony at trial, the witness was present at the second of Ethridge's two arrests. Neither side was able to locate him at the time of trial, although he later was found in the Maricopa County Jail facing forgery charges. Ethridge then made a motion to vacate judgment and for a new trial on the basis of newly discovered evidence, but at the hearing on her motion the witness invoked his privilege against self-incrimination. The hearing was continued and Ethridge then filed a motion requesting the court to conduct an examination of the witness in chambers to determine that all relevant areas of questioning would be subject to the privilege. The court denied the request and the motion for new trial.

---

1. We do not consider the judge's attempt to recall his off-the-record comments at a hearing   nearly five months later on the motion to vacate judgment.

Ethridge's defense at trial was that the heroin had been planted by police, who then offered to have the charges against her dismissed in exchange for information about a major drug dealer. A statement obtained from the witness by defense counsel contradicted the trial testimony of the police officers that when they entered Ethridge's kitchen she as standing next to the stove where they later found 13 papers of heroin in a pot of boiling water. After brief questioning at the scene the witness was told he could leave because the police knew the heroin belonged to Ethridge.

The facts do not present a question of whether the privilege is well founded. Mere admission of his presence at the scene could tend to incriminate the witness and testimony in accordance with his statement that Ethridge was not in a position to have placed the heroin in the pot would certainly do so, since he was the only other person in the kitchen when police arrived. Federal cases cited by Ethridge involve informants who feared self-incrimination from discussing circumstances other than the transaction underlying the prosecution. *See, e. g., United States v. Melchor Moreno,* 536 F.2d 1042 (5th Cir. 1976); *United States v. Anglada,* 524 F.2d 296 (2d Cir. 1975). In those cases a particularized inquiry was needed to determine whether the witness invoking the privilege was confronted with substantial rather than trifling or imaginary hazards of incrimination. No such question exists here.

Affirmed.

HATHAWAY, C. J., and HOWARD, J., concur.