611 P.2d 948

**The STATE of Arizona, Appellee,**

v.

**Jerome Hugh McCLELLAN, Appellant.**

**No. 2 CA-CR 1800.**

Court of Appeals of Arizona, Division 2.

April 10, 1980.

Rehearing Denied May 14, 1980.

Review Denied May 28, 1980.

---

**596**

Robert K. Corbin, Atty. Gen. by William J. Schafer III and Gerald R. Grant, Asst. Attys. Gen., Phoenix, for appellee.

Richard S. Oseran, Pima County Public Defender by Lawrence H. Fleischman, Asst. Public Defender, Tucson, for appellant.

## OPINION

HOWARD, Judge.

Appellant was found guilty by a jury of arson, first degree, and arson with intent to defraud an insurer. The minute entry of sentencing reflects that the county attorney moved to dismiss the arson with intent to defraud charge for the reason that appellant could not be sentenced on both charges. The court placed appellant on probation for 10 years and did not sentence appellant in connection with the arson with intent to defraud conviction. Appellant urges four grounds for reversal.

Appellant claims it was error to deny his motion to preclude the Pima County Attorney's office from prosecuting this case, to preclude him from calling the prosecutor as a defense witness and to deny his motion to suppress evidence of prior convictions. He also complains of prosecutorial misconduct in questioning a witness.

The basis for appellant's motion to disqualify the county attorney's office from prosecuting was that a deputy county attorney would be a witness for the defense. We have held that a prosecutor should not be required to withdraw because the defense might call him as a witness. *State v. Howard*, 27 Ariz.App. 339, 554 P.2d 1282 (1976). It was not error to deny appellant's disqualification motion.

The court's granting the state's motion to preclude the defense from calling the prosecutor as a witness was also not error. Whether to allow a defendant to call a prosecutor to testify in his behalf is committed to the discretion of the trial court. *State v. Howard*, supra. Where no compelling need for the prosecutor's testimony is shown, as was the case here where other witnesses were available to testify as to the prosecutor's conversations with appellant's wife, the trial court's ruling was correct. *State v. Tuzon*, 118 Ariz. 205, 575 P.2d 1231 (1978).

Appellant contends the trial court erred when it ruled that if he testified, two prior 1972 convictions in Massachusetts could be used to impeach him. He claims the court erred since it failed to comply with Rule 609, Arizona Rules of Evidence, by failing to make an on-the-record determination that the probative value of the convictions outweighed the prejudice.

In *State v. Cross*, 123 Ariz. 494, 600 P.2d 1126 (App.1979) we specifically urged tried judges, after a hearing on the record, to make an explicit finding that the prejudicial effect of the evidence is outweighed by its probative value before it admits prior convictions into evidence. The Arizona Supreme Court has recently adopted the *Cross* admonition. See *State v. Ellerson*, 125 Ariz. 249, 609 P.2d 64 (1980).

Appellant takes the position that the court's failure to make the explicit finding is reversible error. In *Ellerson*, the court held that failure to make the findings required by Rule 609(a) is not fatal so long as the record reflects that the trial court meaningfully invokes its discretion under Rule 609.

Our review of the transcript of the hearing on appellant's motion in limine discloses no indication of a meaningful exercise of discretion. Rule 609(a), Arizona Rules of Evidence, permits the court to admit evidence of a prior conviction if the court determines that the probative value outweighs its prejudicial effect *and* if the crime was punishable by imprisonment in excess of one year or involved dishonesty or false statement, regardless of punishment.

■ The prosecution has the burden of proof in a Rule 609 hearing. *State v. Becerill*, 124 Ariz. 535, 606 P.2d 25 (1979). The only argument presented by the state was that it had certified copies of convictions in Massachusetts of receiving a stolen motor vehicle and attempted breaking and entering, and that the convictions occurred within the last six years. The prosecutor also stated:

"They are probative of the defendant's ability to come into this courtroom and say things to the jury and have them determine his truth-telling ability."

Defense counsel pointed out to the court that the state had not shown that the prior crimes carried a penalty of more than a year.[1] The court did not require that any kind of showing be made by the state. The prosecutor neither established that under the laws of Massachusetts the crimes were punishable by imprisonment of more than a year or that the prior crimes fit into the "dishonesty or false statement" category so that the punishment was immaterial. Courts are not in complete agreement as to what crimes involve "dishonesty or false statement". See Annot. 39 A.L.R. Fed. 570 (1978). In *United States v. Smith*, 179 App. D.C. 162, 551 F.2d 348 (1976) the court was of the opinion that only those crimes characterized by an element of deceit or deliberate interference with a court's ascertainment of truth were intended. See also *United States v. Seamster*, 568 F.2d 188 (10th Cir. 1978); *United States v. Donoho*, 575 F.2d 718 (9th Cir. 1978), *vacated on other grounds*, 439 U.S. 811, 99 S.Ct. 68, 58 L.Ed.2d 102. The prosecutor has the burden of showing that a prior misdemeanor conviction would qualify as a crime involving dishonesty or false statement. *Virgin Islands v. Toto*, 529 F.2d 278 (3rd Cir. 1976).

■ As the state did not sustain its burden, the motion in limine should have been granted. This error requires reversal as appellant's credibility was crucial to his defense.

■ Appellant's final contention is that the prosecutor acted improperly in propounding certain questions to a state witness because the questions were designed to create an inference that appellant was attempting to tamper with his testimony. After the witness had testified that subsequent to being subpoenaed he received a telephone call from appellant, the prosecu-

---

1. In order to "draw the sting", appellant admitted the priors on direct examination but testified that they were misdemeanors.

tor asked the witness, "What did he ask you at that time?" Defense counsel objected and the trial court permitted the witness to respond. The witness testified that appellant said he had heard that the witness had been subpoenaed and he just wanted to know what the witness was going to talk about. The witness told appellant that he had no idea. Contrary to appellant's contention, the prosecutor's questions did not suggest by innuendo or create a false impression as to appellant, unlike *State v. Enriquez*, 102 Ariz. 402, 430 P.2d 422 (1967), and *State v. Hill*, 109 Ariz. 93, 505 P.2d 553 (1973), where the questions themselves contain statements which the jurors are likely to think are true. The prosecutor's questions were direct. The jury could draw no improper inferences from the questions themselves and therefore the claim of prosecutorial misconduct is without merit.

Reversed.

HATHAWAY, C. J., and RICHMOND, J., concur.