613 P.2d 837

**The STATE of Arizona, Appellee,**

v.

**Thomas Walter PICKETT, Appellant.**

**No. 2 CA–CR 1876–2.**

Court of Appeals of Arizona, Division 2.

May 13, 1980.

**174**

Robert K. Corbin, Atty. Gen. by William J. Schafer III and Robert S. Golden, Asst. Attys. Gen., Phoenix, for appellee.

Richard S. Oseran, Pima County Public Defender by Barry J. Baker Sipe, Asst. Public Defender, Tucson, for appellant.

## OPINION

HATHAWAY, Chief Judge.

Appellant was found guilty by the jury of second-degree burglary, two counts of theft, third-degree burglary and attempted second-degree burglary with a prior conviction. He was sentenced to five years in prison on the second-degree burglary conviction, six months in jail on one theft conviction and five years in prison on the other, two years in prison on the third-degree burglary conviction, and one and one-half years in prison on the attempted second-degree burglary conviction.

Appellant's first point on appeal is that the trial court committed error when it denied his motion to suppress, alleging his custodial arrest was a pretext arrest in violation of the Fourth Amendment. The transcript of the motion to suppress hearing shows that Detective Verdugo was enroute to the police station just after having testified against appellant before the grand jury on an unrelated possession of stolen property charge. While driving, he recognized appellant and observed him drinking a bottle of beer in front of a liquor store. He told appellant he believed him to be in violation of state law against drinking in public and placed him in the rear of the vehicle. The detective handcuffed appellant and took him to the police station where he was booked, fingerprinted, and searched and the property in his possession inventoried before he was incarcerated. During the search certain items linking appellant to various crimes were found.

Appellant conjectures that there was a strong possibility that the officer had an additional motive, beyond generally enforcing the state law against drinking in public. The standard on review of a denial of a motion to suppress is whether there has been a clear abuse of the trial court's discretion. *State v. Schutte*, 117 Ariz. 482, 573 P.2d 882 (App. 1977). We see no such abuse here. There is no question that the officer personally observed appellant committing a misdemeanor and under A.R.S. Sec. 13–3883(2) was justified in arresting him. The search that followed was a lawful and reasonable search incident to arrest. During a lawful arrest, officers are free to seize other criminal evidence. *State v. Vaughn*, 12 Ariz.App. 442, 471 P.2d 744 (1970).

Appellant now argues that the officer should have cited him and not arrested him for drinking in public. Under A.R.S. Sec. 13–3903(A), the use of the citation field release procedure is optional, not mandatory. See *State v. Lynch*, 120 Ariz. 584, 587 P.2d 770 (App. 1978). There was evidence that the officer had arrested others for drinking in public which lends weight to the trial court's determination that this was not a "pretext" arrest.

The second point raised by appellant is that the trial court erred in ruling that it would allow the use of a prior felony conviction for impeachment. Appellant moved

in limine to prevent use by the state of his prior conviction of burglary which had been entered some two years previously upon his guilty plea. Appellant did not testify at trial and no witnesses were called by the defense on the issue of guilt.

■ We have here the same situation which was presented to us in *State v. Cross*, 123 Ariz. 494, 600 P.2d 1126 (App. 1979). In that case, we found that while the trial court obviously did take 17A A.R.S., Rules of Evidence, rule 609, into account, it failed to make an explicit finding on the record that the prejudicial effect of the evidence was outweighed by its probative value. We urged trial courts to make an explicit finding on the record. Here, the trial court did not make such an explicit finding. After an in-court hearing on the motion, the court stated:

> "The Court feels that under Rule 609 the State would have the right to use a prior conviction that recent and that had to do with the offense alleged."

During the discussion on the motion, the court was informed that the prior conviction was one for which the punishment was in excess of one year. In addition, the court questioned defense counsel regarding his opinion as to whether the prior burglary conviction reflected upon appellant's honesty, as required by the rule.

Unlike our case of *State v. McClellan*, 126 Ariz. 595, 611 P.2d 948 (App. 1980), where we found no indication that the trial court had carried out a "meaningful exercise" of its discretion, the factors cited by the rule were obviously considered by the court.

■ In *State v. Ellerson*, 125 Ariz. 249, 609 P.2d 69, our Supreme Court stated:

> "It is true that the record does not affirmatively show that the court in denying the motion in limine as to the burglary convictions made the findings required by Rule 609(a). This is not fatal, however, as it would appear from a complete reading of the transcript of the hearing on the motion in limine, that the court did consider the matters required by Rule 609(a)." 609 P.2d at p. 67.

We think this reasoning is applicable here. The trial court's superfluous language regarding the recent nature and character of the offense does not negate the fact that the court was weighing the factors involved in Rule 609(a) and we see no abuse of the court's discretion in denying the motion. We would stress, however, the importance of making "an on-the-record finding based on specific facts and circumstances that the probative value of the evidence substantially outweighs the danger of unfair prejudice." *State v. Ellerson*, supra, citing *United States v. Mahler*, 579 F.2d 730, 734 (2nd Cir. 1978), cert. den. 439 U.S. 872, 99 S.Ct. 592, 58 L.Ed.2d 666. *State v. Cross*, supra.

Affirmed.

HOWARD and RICHMOND, JJ., concur.