626 P.2d 152

**The STATE of Arizona, Appellee,**

v.

**Richard Carlyle WILSON, Appellant.**

**No. 2 CA–CR 1976.**

Court of Appeals of Arizona,
Division 2.

March 10, 1981.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III, and David R. Cole, Asst. Attys. Gen., Phoenix, for appellee.

Richard S. Oseran, Pima County Public Defender by Lawrence H. Fleischman, Tucson, for appellant.

## OPINION

HATHAWAY, Chief Judge.

Appellant was tried to a jury and convicted on two counts of unlawful sale of heroin with two prior convictions. He was sentenced to concurrent terms of imprisonment for 14 years on each count. On appeal, he contends that reversal is required because he was denied the opportunity of full cross-examination, and also because his motion to preclude mention of his prior convictions for impeachment should have been granted.

Ochoa, an undercover narcotics officer for the Tucson Police Department, testified that he made heroin purchases from appellant or had contacts with him on June 6, July 9 and August 30, 1979, and was present when he was arrested on September 2, 1979. He testified to appellant's physical appearance and how it differed with each contact. Ochoa's partner on June 6 and July 9 also identified appellant.

Before trial, the state's motion in limine to preclude the defense from cross-examining Ochoa on his alleged misidentification of another defendant arrested during the same investigation was granted. Appellant's position is that Ochoa's alleged identification error in a similar case was relevant to the misidentification defense in the instant case. He contends that his Sixth and Fourteenth Amendment rights of confrontation were denied.

In spite of the great latitude permitted in cross-examination, *State v Mangrum*, 98 Ariz. 279, 403 P.2d 925 (1965); *State v. Korte*, 115 Ariz. 517, 566 P.2d 318 (App. 1977), trial courts have properly limited cross-examination with respect to a witness' ability to make identification in collateral situations. In discussing the issue, the Third Circuit stated:

"While the court could properly have permitted such testing of the capacity of the witness to observe and recall, a court has wide discretion in permitting, prohibiting or curtailing such excursions. In all of the circumstances of this case, we are satisfied that the court did not act unfairly or abuse its discretion in restricting cross-examination." *United States v. Evans*, 359 F.2d 776, 777 (3d Cir. 1966), *cert. den.* 385 U.S. 863, 951, 87 S.Ct. 120, 330, 17 L.Ed.2d 90, 229 (1966).

See also *Corpus v. Beto*, 469 F.2d 953 (5th Cir. 1972), *cert. den.* 414 U.S. 932, 94 S.Ct. 236, 38 L.Ed.2d 162 (1973).

Additionally, on cross-examination, the inquiry must be relevant to the issues at trial. *State v. Evans*, 120 Ariz. 158, 584 P.2d 1149 (1978). No such relevancy appears in the instant case. No offer of proof was made as to what appellant's counsel expected to develop through cross-examination of Ochoa. *Compare People v. Watkins*, 23 Ill.App.3d 1054, 320 N.E.2d 59 (1974); *People v. Thomas*, 56 Ill.App.3d 809, 14 Ill. Dec. 485, 372 N.E.2d 681 (1978). Nor can we say that such an offer of proof was unnecessary in that the testimony that would have been adduced was obvious, as in *Peterson v. Sundt*, 67 Ariz. 312, 195 P.2d 158 (1948), and *Tate v. Connel*, 3 Ariz.App. 534, 416 P.2d 213 (1966). We see no error in granting the state's motion in limine.

Before trial, appellant moved to preclude introduction into evidence of prior convictions for attempted grand theft, conspiracy to commit bank robbery and possession of a narcotic drug. The motion was denied. 17A A.R.S. Rules of Evidence, rule 609(a) requires that the trial court determine that the probative value of the prior

conviction outweighs its prejudicial effect prior to its admission for impeachment. *State v. Ellerson*, 125 Ariz. 249, 609 P.2d 64 (1980); *State v. Cross*, 123 Ariz. 494, 600 P.2d 1126 (App.1979). The burden of proof is on the prosecution in a rule 609 hearing. *State v. Becerill*, 124 Ariz. 535, 606 P.2d 25 (App.1979). Our review of the record discloses that the state did not meet its burden. The trial court did not make the findings required by rule 609(a) as urged in *Ellerson* and *Cross*, nor are we able to glean from the record that the court considered the matters required by rule 609(a). See *State v. Ethridge*, 126 Ariz. 8, 612 P.2d 59 (App.1980). Indeed, the record would indicate the contrary:

"THE COURT: ... What motion do you want to do next?

MR. ESTRADA: It's a motion in limine to keep out Mr. Wilsons [sic] prior conviction.

THE COURT: I wouldn't think it would come in even in the case in chief unless he testified. You didn't intend to use it for any other purposes?

MR. ARROTA: No sir, I think he is referring to the relatively new rule of evidence. The court makes an actual determination on the record, and the prosecution can make use of the prior conviction and use of those convictions do not outweigh any possible prejudice.

THE COURT: Are you going to use them in your case in chief?

MR. ARROTA: No sir, but the court has to make a factual determination, the state can make use of them, I as prosecutor have to make—

THE COURT: Oh, I have seen them, I read them. We are only talking about those two second convictions which Judge Marks sentenced him on at the same time.

MR. ARROTA: It's supposed to be cited in the minute entries, and a copy furnished to Mr. Estrada. It's a federal conviction. Those are the only three I would cross examine him on.

THE COURT: The federal one, that's not an allegation of the prior conviction filed in this, or filed as part of the State's charge, and the only way it could come into evidence is—would be on the bifurcated [sic] part of the trial. If the minute entry itself is permitted, it would make reference to the federal charge. That will be taken care of at the time.

With respect to questioning about his prior conviction, if he takes the stand, then you can question him about the federal conviction along with the statements or sentences you have evidence of, if you have evidence of the conviction. [sic]

MR. ARROTA: I have a copy.

MR. ESTRADA: The point I seek to make is, Your Honor, to preclude in production in evidence of Mr. Wilson's alledged [sic] prior convictions. Obviously, he does have the right to present evidence on his own behalf. We know they can be brought out to impeach him. Based on the allegations, prior convictions having been made by the State, and those do not in and of themselves make it an automatic dismissal. The probative value is to outweigh the prejudicial effects. The rule is it's incumbent upon the State, and specifically states how the State and how they go to the statements made, false statements made, and not every theft involves—and of the circumstances, and just the face of the charge itself which could have led to that offense, and from this statement, their burden is to simply state on the record that particular prior conviction and how they outweigh the circumstantial evidence.

He is a convicted felon, but that is not enough. I submit to the court that the court has to submit in testimony in detail that those are specifically relevant towards impeachment. And if they can be introduced in evidence.

THE COURT: I don't believe that is necessary. If the higher court says they are wrong. Additionally a jury is entitled to consider a conviction of a felony, in determining what weight should be given to the testimony of the defendant.

And the fact the person can distrust that which was told under oath—well, if

 

you are required to do what your doing, we would, in effect, be trying the earlier cases. Which is why I can't believe that the appeals court says that to us.

For me, just from the face of the charges alone, they would be admissable [sic] for impeachment purposes solely. I thought there was—doesn't it do that, it doesn't do that other than for impeachment.

At the second part of it, that's a matter we will be concerned with at that time, any how. Show the defense motion to preclude the State from cross examining the defendant with respect to whether there had been previous felony convictions is denied."

█ Appellant's credibility was crucial to his misidentification defense and the error in not requiring the state to meet its rule 609 burden is reversible. *State v. McClellan*, 125 Ariz. 595, 611 P.2d 948 (App.1980). We reject the state's argument that appellant waived the error by not testifying at trial. *State v. Ellerson, supra,* holds that a defendant has a right to adjust his trial strategy to adverse rulings. In *United States v. Cook,* 608 F.2d 1175 (9th Cir. 1975), cert. den. 444 U.S. 1034, 100 S.Ct. 706, 62 L.Ed.2d 670 (1980), the court held that a defendant who does not testify after an adverse rule 609 ruling does not waive the issue for appeal. The court acknowledged that the defendant may not have testified regardless of the rule 609 ruling, and held that to preserve the issue for review, the defendant should inform the court that he would testify if the priors were excluded, and outline the substance of his testimony. The court observed:

"The government must admit that the tactical choice to remain silent is more likely a product of the court's ruling than of the defendant's free selection among strategic options." 608 F.2d at 1184.

We decline to address each of the prior convictions in detail in an advisory capacity anticipating the points which may be made on remand for and against their admission. Suffice it to say that we defer to the trial court's discretion with respect to its weigh-

ing each of the prior convictions under rule 609. Ample guidance is available in the reported case law.

Reversed and remanded for further proceedings consistent with this opinion.

HOWARD and BIRDSALL, JJ., concur.