## State of Vermont v. Louis Hamlin, III

[446 A.2d 344]

No. 566-81

Present: **Barney, C.J., Billings, Hill, Underwood and Peck, JJ.**

Opinion Filed April 6, 1982

*John J. Easton, Jr.,* Attorney General, and *Edwin L. Hobson, Marilyn Skoglund,* and *Geoffrey Yudien* (On the Brief), Assistant Attorneys General, Montpelier, and *Mark J. Keller,* Chittenden County State's Attorney, Burlington, for Plaintiff.

*Christopher L. Davis,* Burlington, and *Oreste V. Valsangiacomo, Jr.,* Barre, for Defendant.

**Per Curiam.** The State appeals from an order of the trial court which disqualified a prosecutor in the Chittenden County State's Attorney's office from prosecuting the defend-

ant. The trial court disqualified her because of a probability that her testimony would be relevant on the issue of defendant's guilt and because of the further probability that she would be called to testify on behalf of the defendant when he is tried for first-degree murder and aggravated sexual assault.

The State, by interlocutory appeal, V.R.A.P. 5, and in a petition for extraordinary relief, V.R.A.P. 21, appeals to this Court alleging three grounds of error:

> 1. The trial court erred by ruling that the prosecuting attorney could be called as a witness.
> 2. The trial court erred by disqualifying her.
> 3. If the trial court was, in fact, correct on the first two issues, then it erred by failing to disqualify the entire office of the State's Attorney.

We accepted jurisdiction of the State's appeal as falling within the purview of V.R.A.P. 21.

Our disposition of the first issue makes it unnecessary to reach the last two issues.

The trial court struck too soon. The opinion in *United States* v. *Maloney,* 241 F. Supp. 49, 50 (W.D. Pa. 1965), best states our objections to the timing involved here.

> We believe that the entire matter is premature. Whether or not defendant will call the [prosecuting attorney] at trial may very well depend upon the testimony developed at trial. We do not believe that counsel can state definitely at this time what will be required, particularly since defense counsel has indicated that the testimony which he will attempt to elicit is for the purpose of attacking the credibility of the government witnesses.

The time appropriate for confronting the issues raised here would be after "the actual move of the defense to call the prosecutor to the stand, the necessary ground being laid for the introduction of such testimony, [and] the offer of proof of the defendant." *Id.* at 51. If the defendant shows a compelling reason to call the prosecuting attorney, *id.* at 50, and the trial court exercises its discretion to allow such testimony, "then the trial court, in the light of its prior decisions, can

properly determine whether the prosecuting attorney should withdraw." *Id.* at 51.

*Reversed.*