516 P.2d 316

**STATE of Arizona, Appellee,**

v.

**James Boy PUFFER, Appellant.**

**No. 2612.**

Supreme Court of Arizona,
In Banc.

Nov. 28, 1973.

Gary K. Nelson, Atty. Gen., Thomas A. Jacobs, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa Co. Public Defender, Paul Prato, Deputy Public Defender, Phoenix, for appellant.

LOCKWOOD, Justice:

James Boy Puffer, defendant and appellant, was tried and convicted of second degree murder. He was sentenced to serve a term of from 60 to 70 years in the Arizona State Prison at Florence.

The facts surrounding the killing itself are uncontested. During the morning of September 16, 1971 the appellant and Ramon Lozano were drinking beer together at various locations in Gila Bend, Arizona. At approximately 2:00 p. m. they entered the Past-Time Bar where they continued to drink beer and play pool. During that period appellant and Lozano shared a quart of beer. The appellant was asked by the barmaid to pay for the beer but refused. Lozano then told him that he should pay whereupon they began to argue. A few seconds later the appellant jumped up, drew a .22 calber pistol which he was carrying, and shot Lozano in the chest at

point blank range. Lozano ran from the bar and collapsed outside the front door of the bar where he died. The appellant walked out the back door. A short time later he was apprehended by the police in the bathroom of his sister's house where he was hiding.

At his trial the appellant pleaded not guilty by reason of insanity. After hearing testimony by psychiatrists for both sides, the jury found the appellant guilty of second degree murder.

In his appeal the appellant makes two designations of error. First he contends that the prosecutor's reference during final argument to possible future harm to society if the appellant were found not guilty by reason of insanity was reversible error.

During the trial, Dr. Harris Murley testified for the defense. He testified that the appellant had been a patient at the Arizona State Hospital in 1966 where he was "diagnosed as suffering from chronic undifferentiated schizophrenia." He testified the commitment was related to the death of appellant's brother for which the appellant was convicted. The prosecutor in his final argument made the following reference to the diagnosis which appellant argues was reversible error:

"Recurring undifferentiated schizophrenia, I think it's interesting that this occurs, reoccurs when he kills someone. It reoccurred when he killed his brother in '66, according to Dr. Murley. And then it reoccurred when he killed his friend. How many more times can society let it reoccur?"

■ The general criteria for determining whether remarks by the prosecution in a criminal case are so objectionable as to require a reversal of the case are whether the remarks call to the attention of the jury matters which they would not be justified in considering in order to arrive at their verdict and whether the jury, under the circumstances of the case, was probably influenced by those remarks. Sullivan v. State, 47 Ariz. 224, at 238, 55 P.2d 312, at 317 (1936).

■ Appellant relies on State v. Makal, 104 Ariz. 476, 455 P.2d 450 (1969) to support his contention that the remark constituted prejudicial error. The instant case is readily distinguishable from Makal, supra. In that case we held that the admission of testimony by the state's expert witness relating to the release from institutions of persons found not guilty by reason of insanity was prejudicial error, where the evidence was nearly overwhelming that the defendant was insane at the time of the commission of the offense, and the prosecutor argued that the defendant should be found guilty without regard to the issue of insanity.

In the case at hand the prosecutor was pointing out to the jury the suspicious nature of a defense which appeared only when it was needed by the appellant. Furthermore, the objection of defense counsel to the remark was sustained. The jury was instructed not to discuss or consider the possible punishment or the results of a finding of insanity and that it should not affect any decision as to the guilt or innocence of the defendant. The jury was also instructed that arguments of counsel are not evidence and that they were to disregard any comment which had no basis in evidence. Under these circumstances we cannot find that the remark was so inflammatory, offensive, and prejudicial as to require a reversal.

■ Appellant also contends that the court erred in failing to give, sua sponte, a cautionary instruction that the jury could only consider the prior homicide committed by the appellant in determining the weight of Dr. Murley's testimony. We do not agree. Thus this is not a situation where the credibility of the appellant's testimony is being impeached through evidence of prior felony convictions as the appellant did not testify. This was a case where it was incumbent upon the appellant to make a specific request for an instruction that the jury could only consider the prior homicide committed by the appellant in evaluating Dr. Murley's testimony. We have

repeatedly held that the failure of the appellant to request a specific instruction constituted a waiver of any right to have it given. State v. Lockett, 107 Ariz. 598, 491 P.2d 452 (1971); State v. Blankenship, 99 Ariz. 60, 406 P.2d 729 (1965).

For these reasons we must affirm the decision of the lower court.

HAYS, C. J., CAMERON, V. C. J. and STRUCKMEYER and HOLOHAN, JJ., concur.