555 P.2d 1136

**The STATE of Arizona, Appellee,**

v.

**William Michael SHEPHERD, Appellant.**

**No. 2 CA–CR 794.**

Court of Appeals of Arizona,
Division 2.

Sept. 16, 1976.

Bruce E. Babbitt, Atty. Gen., Phoenix by Heather A. Sigworth, Asst. Atty. Gen., Tucson, for appellee.

John M. Neis, Pima County Public Defender by Charles L. Weninger, Asst. Public Defender, Tucson, for appellant.

KRUCKER, Judge.

On August 13, 1975, William Michael Shepherd was arrested for auto theft in Tucson, Arizona. A subsequent search of the automobile he was driving revealed five papers of heroin in an aspirin tin located under the front seat.

This is an appeal from a jury verdict and a judgment of guilty to the crime of possession of heroin, A.R.S. §§ 36–1002 and 36–1002.10, as amended, and a sentence thereon of not less than two nor more than three years in the Arizona State Prison.

Appellant argues that:

"1. The trial court erred when it denied appellant's motion in limine concerning his heroin addiction.

2. The trial court erred when it allowed the testimony of Michael Click as a rebuttal witness because the witness

was not disclosed and his testimony was improper rebuttal. The court also erred when it denied appellant's motion for a mistrial based on this prejudicial evidence.

3. The trial court erred when it denied the appellant's motion for a mistrial after a prospective juror made highly prejudicial remarks before the panel."

We believe none of the points has merit and therefore affirm.

Appellant's first contention on appeal is that the trial court erred when it denied his motion in limine to prevent the introduction of evidence of his heroin addiction at the time of his arrest. He argues that such evidence is highly prejudicial and irrelevant, and that its prejudicial nature was compounded during the prosecutor's cross-examination of appellant.

■ It is the State's position that the evidence of addiction immediately before the crime charged is relevant to prove knowledge and intent to possess. In determining the relevancy and admissibility of evidence, the trial judge is vested with considerable discretion. *Higgins v. Arizona Savings and Loan Association,* 90 Ariz. 55, 365 P.2d 476 (1961); *City of Phoenix v. Boggs,* 1 Ariz.App. 370, 403 P.2d 305 (1965). As a general rule, evidence is relevant if it has any basis in reason to prove a material fact in issue. It is not necessary that such evidence be sufficient to support a finding of an ultimate fact; it is enough if the evidence, if admitted, would render the desired inference more probable. *Reader v. General Motors Corporation,* 107 Ariz. 149, 483 P.2d 1388 (1971).

"Broadly stated, the test of relevancy of proferred evidence is whether it tends to cast any light on the crime charged, or whether the proferred evidence is connected with the crime charged, or whether it tends to sustain or impeach a pertinent hypothesis, or whether it proves to disproves, or tends to prove or disprove, the crime charged or any fact material to the issue, or tends to make the proposition at issue more or less probable." 22A C.J.S. Criminal Law § 600, at 388–89.

■ We are of the opinion that evidence of appellant's heroin addiction contemporaneous with the possession charged is admissible and relevant. Our conclusion is reinforced by the fact that appellant presented as a defense the fact that other persons had access to the car, and that the heroin was not his own, thus putting knowledge and intent at issue.

The probative value of such evidence is obvious. The addiction was a circumstance tending to connect appellant with the heroin. Cf., *Brooks v. State,* Okl.Cr., 438 P.2d 25 (1968). The desired inference was rendered more probable.

A similar fact situation occurred in *People v. Gin Hauk Jue,* 93 Cal.App.2d 72, 208 P.2d 717 (1949). There, the defendant was found in possession of hypodermic needles, opium pipes and opium, but denied ownership of the drugs and other paraphernalia. At the trial, evidence was introduced that the defendant's arms contained puncture marks (inferring addiction) at the time of the arrest. On appeal, the defendant contended that because he was charged only with possession of the narcotic, any attempt to inject testimony showing the use of narcotics was highly prejudicial. The court held:

"This evidence was clearly admissible as a circumstance showing 'possession' by defendant of the opium there found by the officers." 208 P.2d at 718.

The court also failed to find prejudicial error in the prosecution's cross-examination where defendant was asked if he had been a long-time user of narcotics.

The closest Arizona authority on point appears to be *State v. McFall,* 103 Ariz. 234, 439 P.2d 805 (1968). There, the court held that appellant's possession of a narcotics kit was relevant and admissible in that it tended to connect him with the offenses charged because of the high degree of probability that a narcotics user would be

likely to forge narcotics prescriptions to obtain a supply.

Our analysis of the above cases and principles leads us to conclude that the trial court did not err in denying appellant's motion. We further find that any possible harm arising from the prosecutor's exchange with the appellant was rectified when the court sustained the appellant's objection.

■ Appellant's second contention is that the trial court erred in allowing the testimony of a rebuttal witness in that the witness was not disclosed and the testimony was improper rebuttal. Rule 15. 1(f), Rules of Criminal Procedure, 17 A.R.S. (Supp.1975) provides in part that *upon receipt of notice of defenses* (emphasis ours) required from the defendant under Rule 15.2(b), the State shall disclose the names and addresses of witnesses it will call in rebuttal. It is our opinion that appellant failed to comply with Rule 15.2(b) by not disclosing his defense of lack of knowledge and intent. Rule 15.2(b) is broad in scope and is not limited to affirmative defenses. The Comment to Rule 15.2(b) makes this clear.

"It is intended that the 'notice of defenses' to be a broad disclosure of the defendant's case, including his rebuttal of the state's case as well as his own 'case-in-chief'. It is to include all matters which he will present at trial, including those which he intends to introduce by his own testimony."

As appellant did not disclose any defense to the prosecution, Rule 15.1(f) requiring the prosecution to disclose rebuttal witnesses never came into operation.

■ Appellant also argues that the testimony of Detective Click was improper rebuttal. The general rule of rebuttal evidence is that the State may offer any competent evidence which is a direct reply to or in contradiction of any material evidence introduced by the accused. *State v. Kuhnley*, 74 Ariz. 10, 242 P.2d 843 (1952);

*State v. Kountz*, 108 Ariz. 459, 501 P.2d 931 (1972).

■ Detective Click gave his opinion that for heroin addicts " . . . the heroin is the most important thing in their life (sic), more important than food, sex, or their automobile, their residence or anything." We have reviewed the record and find that this type of general rebuttal testimony is in fact improper. We fail to see how it is in direct reply or in contradiction to material evidence introduced by the appellant. However, we do not believe the testimony was so prejudicial to appellant's rights as to deny him a fair and impartial trial. *See, Wertz v. People*, 160 Colo. 260, 418 P.2d 169 (1966).

■ At the beginning of appellant's trial the prospective jurors were questioned concerning their impartiality. The court asked if any of the jurors had personal feelings concerning heroin that would affect their fairness. One of the prospective jurors, in the hearing of other prospective members of the jury, expressed an uninformed opinion of the guilt of the defendant. He was immediately excused by the court.

As a third ground for appeal, appellant asserts that the comments by this prospective juror were prejudicial and that the trial court should have granted a motion for a mistrial. He cites *State v. Reynolds*, 11 Ariz.App. 532, 466 P.2d 405 (1970), wherein we stated:

"Insofar as possible, however, both the State and the defendant are entitled to a fair and impartial jury. When events occur that cast an irrevocable cloud over the jury's fairness and impartiality, it is far better to grant the motion for mistrial and start over again." 11 Ariz. App. at 535, 466 P.2d at 408.

In *Reynolds*, a juror had shown a highly prejudicial news article to other jurors who were still on the jury panel.

We find nothing in the record before us indicating that an "irrevocable cloud" had

been placed over the jury's fairness and impartiality. Indeed, one of the purposes of the examination by the court was to assure that appellant had the benefit of a non-biased jury. After the statements were made, the trial court asked the jury if anyone's impartiality had been affected. There was no affirmative response. The court did not err in failing to grant the motion for a mistrial.

Affirmed.

HOWARD, C. J., and HATHAWAY, J., concur.