579 P.2d 42

**STATE of Arizona, Appellee,**

v.

**Grady Marvin MOSS, Appellant.**

No. 4143.

Supreme Court of Arizona,
En Banc.

May 1, 1978.

Rehearing Denied May 31, 1978.

Bruce E. Babbitt, Former Atty. Gen., John A. LaSota, Jr., Atty. Gen. by William J. Schafer, III, Diane DeBrosse Hienton and R. Wayne Ford, Asst. Attys. Gen., Phoenix, for appellee.

George M. Sterling, Jr., Phoenix, for appellant.

HAYS, Justice.

Appellant Grady Marvin Moss was convicted of aggravated battery after a jury trial. Imposition of sentence was suspended, and he was placed on probation for five years. Significant conditions of probation were that he serve one year in the Maricopa County Jail, that he pay through the court $2,000 to reimburse the victim for his medical expenses, and that he actively participate in a mental health program for the treatment of his aggressive tendencies.

On June 15, 1976, appellant and his wife, who had been separated for approximately two weeks, were returning to the wife's separate residence in Phoenix. While eastbound on Encanto Boulevard approaching Seventh Avenue, appellant's car stopped due to transmission trouble. Mrs. Moss ran from the car and across Encanto, pursued by appellant; Mrs. Moss appeared very distraught. Appellant caught his wife in a private yard and began forcibly returning her to his car. A passing motorist, Elaine Smith, observed this action, stopped on Encanto, a little ahead of appellant's car, locked herself in her car and began honking her horn to attract attention. When a man came out of a nearby house, she asked him to call "crime stop".

This commotion attracted the attention of Mirl C. Holley, who was at a nearby fire station with his fiancee getting a license for her bicycle. Holley rode his bike near Moss

and wife, then set the bike down and approached Moss. Holley testified that he attempted to behave in a calm, nonthreatening manner, that he told Moss he was not going to allow him to leave until the police arrived, and that he placed himself in the open door of Moss's car so that Moss could not enter the vehicle. Holley maintained that he at no time touched Moss.

Although no witnesses except Moss and Holley had heard what Holley said to Moss, other witnesses testified that Holley's physical behavior indicated that he was not an aggressor, but that he was trying to calm down the situation. Moss reacted by reaching into his car, obtaining a tire iron, and striking Holley on the head with the tire iron at least twice. Holley sustained a broken jaw, a broken nose, and his ear was nearly cut in half. Two firemen from the nearby fire station ran to the scene; Moss threatened them with the tire iron. A police officer arrived momentarily and Moss surrendered the tire iron to the officer.

At trial, Moss claimed that he had acted in self-defense because Holley had pulled him from his car, and he feared that Holley would hurt him. The testimony of other witnesses indicated that Holley never touched Moss.

Appellant argues that the trial court erred in refusing to allow him to introduce his wife's medical records from Camelback Hospital, a mental institution. Making an offer of proof, appellant indicated that the records would show that Mrs. Moss was hospitalized upon voluntary admission on April 14, 1976, was diagnosed as depressive and irrationally reactive, was treated by staff psychiatrists for ten days and was released to her husband on April 24, 1976, with instructions for home care.

■ We find that the trial court acted properly in ruling that the records were inadmissible, for the records are irrelevant to any issue in the case.

■ Evidence is relevant if it has any basis in reason to prove a material fact in issue or if it tends to cast light on the crime charged. *State v. Shepherd*, 27 Ariz.App.

448, 555 P.2d 1136 (1976). *See also* Rule 401, Arizona Rules of Evidence, which became effective after this trial.

Appellant was accused of inflicting serious bodily injury on Holley with a tire iron. Appellant readily admitted striking Holley twice on the head with the tire iron. However, appellant claimed that he hit Holley because Holley pulled him from his car, and he therefore feared that Holley would physically harm him.

The issue, then, is self-defense or justification for appellant's use of force. The hospital records give evidence of Mrs. Moss's mental state several weeks before the crime, but Mrs. Moss's mental state is not at all relevant to the issue of whether her husband acted in self-defense when he attacked Holley.

Appellant's position is that the records would tend to show his state of mind and the reasonableness of his conduct. This may be true if the inquiry where why Mrs. Moss fled the vehicle, why appellant chased her, caught her and forced her to return to the car. The records may even suggest that it was necessary to treat Mrs. Moss with some physical force.

Nonetheless, appellant's conduct toward his wife was not at issue. The question before the jury was only whether appellant behaved properly toward the victim. The wife's medical records have nothing to do with this issue; the records cast no light upon the crime charged or upon the defense to the charge. *See State v. Shepherd, supra.*

■ Another issue raised by appellant is the trial court's refusal to instruct the jury that appellant had the right to resist the "citizen's arrest" of Holley. Appellant postulates that Holley's effort to detain him until the police arrived was a citizen's arrest, that the arrest was unlawful, and that one has the right to resist an unlawful arrest by force.

The trial court's decision not to give the requested instructions was correct.

Appellant's own testimony does not support the "resisting arrest" theory. At trial,

appellant did not indicate that he felt he was arrested by Holley; in fact, appellant specifically denied any recollection that Holley stated he intended to detain appellant until the police arrived. Instead, appellant testified that he struck Holley in self-defense because he feared that Holley was going to hurt him.

Finally, appellant charges the trial court with error in denying his motion for directed verdict on the issue of enhanced punishment, and in instructing the jury on aggravated battery while armed with a gun or deadly weapon.

Appellant was charged by information as follows:

"The said Grady Marvin Moss on or about the 15th day of June, 1976 . ., while armed with a gun or deadly weapon, to wit: a tire iron, committed an aggravated battery upon Mirl C. Holley, all in violation of A.R.S., Section 13–241 and 13–245(A)(C) . . . ."

Appellant moved for a partial directed verdict on the question of "while armed." That is, he sought a directed verdict on the charge of violating A.R.S. § 13–245(C) contending that a tire iron did not fall within the definition of "deadly weapon" in this section of the statute. A.R.S. § 13–245(C) provides for enhanced punishment when one is convicted of aggravated battery while armed with a gun or deadly weapon.

Citing *State v. Church*, 109 Ariz. 39, 504 P.2d 940 (1973), appellant contends that the trial court committed reversible error by submitting to the jury the issue of whether a deadly weapon was used in the battery. Appellant claims that under *Church, supra*, a tire iron is not a deadly weapon as a matter of law within the scope of the enhanced punishment statute, A.R.S. § 13–245(C).

However, *Church* is clearly distinguishable from the instant case. In *Church*, the court was faced with a challenge to A.R.S. § 13–249(A) and (B), as amended. Subsection (B) of that statute is similar to subsection (C) of A.R.S. § 13–245, the statute involved in the present case. Both subsec-

tions enhance the punishment for the violation of the substantive subsection if the perpetrator is found to be armed with a gun or deadly weapon.

The constitutional challenge in *Church* involved the alleged ambiguity of the use of the term "deadly weapon" in both the description of the substantive offense (section A) and in the enhanced punishment section. In *Church*, the defendant was charged with assault with a deadly weapon under A.R.S. § 13–249(A) and the state sought to increase his punishment under A.R.S. § 13–249(B) because he had committed the offense while armed with a gun or deadly weapon. The statute in *Church* did create constitutional issues because if a person was convicted of the substantive offense of assault with a deadly weapon, he also could be subject to the enhanced punishment of the statute because he had been armed with a deadly weapon when he committed the crime. To give the statute a constitutional interpretation, the court reasoned in *Church* that the legislature must have intended to increase punishment only when the offender was ". . . armed with a deadly weapon of the type like a gun (ones that are inherently dangerous) . . . ." 109 Ariz. at 43, 504 P.2d at 944.

It was not necessary in our instant case to prove that appellant had used a deadly weapon in order to convict him of aggravated battery; he could not be within the scope of the enhanced punishment section of the aggravated battery statute merely by being found guilty of the substantive crime; consequently, *Church* is not applicable to the case now before us.

We hold that it was proper for the trial court to submit to the jury the issue of whether appellant was armed with a deadly weapon while committing the battery. *Miles v. State*, 338 So.2d 547 (Fla.App.1976). In the foregoing case the court indicated that whether a weapon is to be classed as a "deadly weapon", *i. e.*, one likely to produce death or great bodily injury, is a factual question to be determined by the jury. In *Angel v. Com.*, 289 Ky. 281, 158 S.W.2d 640 (1942), the court indicated that where a

weapon is of such character as to admit of but one conclusion in that respect, the question whether it is a "deadly weapon" within the statute is a question of law, but where the weapon is such that its deadly character depends on the manner and circumstances of its use, the question is a question of fact for the jury.

The jury was properly instructed in this case and apparently found by its verdict that the defendant was guilty of aggravated battery but was not armed with a deadly weapon while committing the battery.

The judgment of conviction and the sentence are affirmed.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HOLOHAN and GORDON, JJ., concur.