635 P.2d 501

**STATE of Arizona, Appellee,**

v.

**Wilbert SULLIVAN, Appellant.**

No. 5098.

Supreme Court of Arizona,
In Banc.

Oct. 15, 1981.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III, Greg A. McCarthy, Asst. Attys. Gen., Phoenix, for appellee.

Ronald G. Saltsman, Phoenix, for appellant.

STRUCKMEYER, Chief Justice.

Appellant was convicted of selling a narcotic drug valued at not less than $250.00 in violation of A.R.S. § 36–1002.02(A) and (D) (now § 36–2531) and § 36–1002.10 (now § 13–801). He was sentenced to a term of five to seven years' imprisonment. Jurisdiction of this Court was acquired pursuant to Rule 47(e)(5), Rules of the Supreme Court, 17A A.R.S. Affirmed.

On September 6, 1978, undercover agents Parkey and Thrasher of the Arizona Department of Public Safety met with their informant, Yvonne Swindle, at a Big Boy Restaurant in Scottsdale, Arizona to discuss the purchase of a quarter ounce of cocaine from a person she knew as B.B. After talking to the agents, Swindle left the restaurant. When she returned a short time later, she was accompanied by appellant and Steven Thrasher. The officers approached Swindle's vehicle where appellant and Thrasher were waiting, and Agent Parkey asked the appellant if he could examine the "stuff." Appellant handed the officer a clear plastic bag containing a white powder later identified as cocaine. Believing that the substance was cocaine, Officer Parkey gave appellant six $100.00 bills. Appellant was thereafter arrested and subsequently, on August 17, 1979, he was tried and convicted on charges arising out of the transaction described above.

On appeal, appellant first urges that the trial court erred in denying his August 14, 1979 motion to continue his trial. Appellant's trial was originally set for December 18, 1978. Continuances were granted on December 9, 1978 and on February 16, March 16, May 1, May 16, May 23, June 8 and July 2, 1979. On July 17, 1979, appellant requested that the lower court dismiss the public defender then representing him and appoint other counsel not associated with the public defender's office. The court granted this motion, but conditioned it upon the understanding that there would be no further continuances. Subsequently, the lower court set trial for August 15, 1979. On August 14, 1979, appellant's new counsel sought a continuance in order to investigate the facts relating to a possible defense that the appellant had just brought to his attention. This defense related to an asserted agreement between appellant and Officers Oviedo and Barker of the Phoenix Police Department. According to the appellant, he was to supply the officers with information concerning a murder they were investigating. In turn, they were to arrange with Officers Parkey and Thrasher to have the charges in this case dropped. Appellant claimed that his participation in the instant drug transaction was fabricated by the arresting officers for the sole purpose of compelling his cooperation in the pending murder investigation.

■ Rule 8.5(b), Rules of Criminal Procedure, 17 A.R.S., provides "A continuance shall be granted only upon a showing that extraordinary circumstances exist and that delay is indispensable to the interests of justice." Under this rule, the granting of a continuance is not a matter of right, but is left to the sound discretion of the trial judge. The trial judge's decision will not be disturbed unless there is a clear abuse of discretion and prejudice results. *State v. Laffoon*, 125 Ariz. 484, 485–486, 610 P.2d 1045 (1980).

■ At the outset, we note that appellant had ample opportunity to investigate this possible defense, but has not satisfactorily explained why additional time was necessary. All of the facts relating to the defense were known to him within a short time after his arrest. Prior to August 14, 1979, eight continuances had been granted, some of them at the request of appellant. Appellant's previous counsel had ample time to explore all possible defenses. His current counsel had nearly a month to prepare appellant's case, in addition to the benefit of prior investigations conducted by appellant's previous counsel. In the closely analogous situation where a defendant seeks a continuance in order to secure the presence of a missing witness, we have upheld the lower court's denial of a continuance where the facts indicate that the defendant failed to exercise due diligence in obtaining the witness' presence. *State v. Ebert*, 110 Ariz. 408, 411, 519 P.2d 1149 (1974); *State v. Wallace*, 98 Ariz. 243, 246, 403 P.2d 550 (1965).

Moreover, at the time appellant's current counsel was appointed, it was agreed that his case would definitely be tried on August 15, 1979, and it was clearly understood that no further continuances would be granted. The trial judge was under no obligation to grant the appellant's request for change of counsel if it deemed the request dilatory. *State v. Miller*, 111 Ariz. 321, 322–323, 529 P.2d 220 (1974). The adherence to the August 15, 1979 trial date was not an abuse of discretion.

Finally, we fail to see how the appellant was prejudiced by the lower court's ruling. The record shows that the alleged defense was fully developed at trial. The appellant took the stand and denied selling cocaine to the undercover agent. He insisted that it was his companion, Steven Thrasher, who made the sale, and that the arresting officers falsified his participation in the transaction in order to secure his cooperation in an unrelated murder investigation. Defense counsel cross-examined both the arresting officers and Officer Oviedo concerning the facts surrounding the drug transaction and the subsequent agreement between the appellant and Officer Oviedo. In closing, counsel argued to the jury the appellant's version of the events. We are unable to say that appellant's claim that the charges against him were contrived failed because of insufficient preparation.

Closely related to appellant's previous argument is his claim that the lower court erred in permitting Officer Oviedo to testify. In an attempt to rebut the appellant's contention that he had been "framed", the State called Officer Oviedo to testify concerning the agreement he had entered into with the appellant. The appellant objected to the officer's testifying because he had not received prior notice of the State's intention to call the officer as a rebuttal witness as required by Rule 15.1(f), Rules of Criminal Procedure, 17 A.R.S.

■ The record is at best uncertain as to whether there was in fact noncompliance with the rules of discovery. Rule 15.1(f), Rules of Criminal Procedure, 17 A.R.S., states that "Upon receipt of the notice of defences required from the defendant under 15.2(b) the state shall disclose the names and addresses of all persons whom the prosecutor will call as rebuttal witnesses together with their relevant written or recorded statements." This rule has been interpreted as requiring the disclosure of only those witnesses called to rebut defenses noticed by the defendant pursuant to Rule 15.2, Rules of Criminal Procedure, 17 A.R.S. See *State v. Lewis*, 121 Ariz. 155, 160, 589 P.2d 29 (App.1978); *State v. Shepherd*, 27 Ariz. App. 448, 450, 555 P.2d 1136 (1976). In this case, appellant notified the prosecutor that he intended to show lack of general and specific intent. The State argues that notice of such a general defense did not put it on notice that it was necessary to call Officer Oviedo as a rebuttal witness. But as to specific defenses, such as alibi and insanity, the State will have knowledge in advance of proof required to rebut, and is therefore required to disclose the rebuttal witnesses. However, it is obviously unreasonable to require the State to list in advance of trial and prior to the presentation of the defend-

ant's case the names of all potential rebuttal witnesses, since the prosecution can rarely anticipate what course the defense will pursue. *State v. LaBarre*, 115 Ariz. 444, 447, 565 P.2d 1305 (App.1977).

Appellant urges that as a part of his defense he intended to become a witness and testify as to his version of the events surrounding the drug sale. Prior to the start of trial, defense counsel moved to prevent the State from cross-examining appellant about his prior conviction for possession of a narcotic drug. The motion was denied. On appeal, appellant renews his contention that evidence of his prior conviction should have been excluded because its prejudicial nature far outweighed its probative value.

■ As a general rule, evidence of a prior conviction is not admissible to show that the defendant is a bad person or has a propensity for committing crimes of a similar nature. *State v. Rose*, 121 Ariz. 131, 135–136, 589 P.2d 5 (1978). Evidence of prior crimes, however, is admissible under Rule 609(a), Rules of Evidence, 17A A.R.S., for purposes of impeaching a witness' credibility. Under this rule, the court should make an on-the-record finding based on specific facts and circumstances that the probative value of admitting the evidence outweighs its prejudicial effect. *State v. Ellerson*, 125 Ariz. 249, 252, 609 P.2d 64 (1980).

The motion to limit the State's testimony in regard to the prior conviction was argued on July 2, 1979, at which time the court took the motion under advisement. The court denied the motion during the trial, finding that any prejudicial effect of the admission of the prior conviction of possession of a narcotic drug does not outweigh the probative value of the evidence.

■ As we pointed out in *State v. Ellerson*, supra at 252, 609 P.2d 64, when the State intends to offer a prior conviction in evidence for impeachment of a defendant, the trial judge should require the State to show the date, place and nature of the prior conviction and any other relevant circumstance. The defendant should be permitted to rebut the State's showing of relevancy by pointing out the prejudicial effect to the defendant if the evidence is admitted. The trial judge should consider the matters presented and before admitting the evidence, he should make a finding on the record that the probative value of the evidence substantially outweighs the danger of unfair prejudice. The procedure followed by the trial court in this case substantially complied with that suggested by *State v. Ellerson*, supra.

■ There are many factors which a trial judge may take into consideration in weighing the admissibility of a prior conviction, and the ruling of the trial judge will not be overturned unless an appellant can show an abuse of discretion. *State v. Noble*, 126 Ariz. 41, 612 P.2d 497 (1980); *State v. Domme*, 111 Ariz. 464, 532 P.2d 526 (1975). In the present case, we find no abuse of discretion in the ruling of the trial judge. We think that the probative value outweighed the prejudice of the testimony in the light of appellant's subsequent testimony that he was "framed" and that he "didn't have any knowledge that the cocaine was going to be sold." From his previous conviction for possession of a narcotic, the jury could infer that he was familiar with narcotics transactions and conclude that he was aware a drug sale was to take place when he met with the undercover officers, Parkey and Thrasher. It therefore tended to discredit his denial that the meeting was to arrange a sale of cocaine.

■ During the State's rebuttal, the prosecuting attorney asked Officer Thrasher the following question:

"Q. Now, Officer Thrasher did the defendant ever at any time tell you he was innocent of this case after he was arrested?"

Appellant contends that the State violated his constitutional right to remain silent by asking this question. We agree with the appellant that the question was improper. It is error to attempt to impeach by reference to silence at the time of arrest. *Doyle v. Ohio*, 426 U.S. 610, 619–620, 96 S.Ct. 2240,

2245, 49 L.Ed.2d 91 (1976); *State v. Anderson*, 110 Ariz. 238, 241, 517 P.2d 508 (1973). In this case, however, we find the error to be non-prejudicial. First, the question was not answered due to the court's having sustained defense counsel's objection. See *State v. Altman*, 107 Ariz. 93, 96, 482 P.2d 460 (1971). Second, we have previously held where, as here, the prosecutor does not cross-examine the defendant on his failure to make a statement to the police or mention the defendant's post-conviction silence in his arguments to the jury, the earlier reference to defendant's silence is not prejudicial. *State v. Bowie*, 119 Ariz. 336, 341, 580 P.2d 1190 (1978).

Appellant's final assignments of error have to do with the prosecutor's closing arguments.

In rebuttal, the prosecutor made the following statement:

"Now, second thing there was a misstatement was the fact that about Steven Thrasher's background. Obviously Steven Thrasher was not on probation and that's why they could use him. Mr. Saltsman said he didn't know any rule that you can't use somebody on probation. Well, I will avow to you that is the rule. That is the rule. You cannot use a man on probation to be an informant."

Appellant urges this statement was improper because it was not based on facts proven during the course of the trial.

■■■■■ The test for determining whether an attorney's closing remarks are improper is a two-part test. The remarks must not only call to the attention of the jurors matters which they could not be justified in considering, but it must appear that the remark probably influenced the jury's verdict. *State v. Sustaita*, 119 Ariz. 583, 594, 583 P.2d 239 (1978). In this case, the record shows that the appellant's companion, Steven Thrasher, was not prosecuted because he agreed to act as an informer. Testimony was also introduced to show that the same deal was offered appellant but was subsequently revoked when it was discovered that he was on probation because the Arizona Department of Public

Safety has a bureau policy which forbids the use of anyone on parole or probation as an informer. Given these facts, it was proper for the prosecutor to draw the inference that Steven Thrasher was not on parole or probation since the police department subsequently used him as an informant.

■■■■■ Appellant contends that it was reversible error for the prosecutor to make the following argument:

"Now, if you remember, the defendant admitted that in 1978, last year, he was convicted of possession of a narcotic drug for which he received probation. The defendant, I submit is no novice in the field of narcotics. I think that's obvious. And while on probation, according to the defendant, he allows himself to become —"

To this statement, the trial judge sustained defense counsel's objection. Defense counsel did not then request that the jury be instructed to disregard the statement. We note the court prior to the start of trial had instructed the jury that, "[W]hen an objection to a lawyer's question is sustained you are to disregard the question and you are not to guess what the answer to the question might have been." In the absence of a request for a cautionary instruction, the instructions given must be deemed sufficient to advise the jury as to its duty. *State v. Landrum*, 112 Ariz. 555, 561, 544 P.2d 664 (1976). Therefore, we do not find the statement error.

■■■■■ Finally, appellant contends that this statement was improper:

"Furthermore, I want to say something about cocaine. Cocaine is expensive and it is a debilitating drug and the police, Thrasher and Parkey, are trying to do the best they can to keep this stuff off the streets. * * * And the State depends on people like you to send a message out to the pushers that this is not going to be permitted anymore and that's why we are here today, to convict the defendant of this. We are asking you to convict a narcotic dealer. We are trying to help—

we are trying to stamp this out of Arizona, out of the community and that is your duty and I ask you to find the defendant guilty."

The argument was not improper. It has frequently been held that such arguments referring to the prevalence of crime, the duty of the jury, and the efforts of the police in combatting crime are not improper. *State v. Moore*, 112 Ariz. 271, 274, 540 P.2d 1252 (1975); *State v. Williams*, 107 Ariz. 262, 269, 485 P.2d 832 (1971); *State v. Schantz*, 98 Ariz. 200, 215, 403 P.2d 521 (1965), *cert. denied* 382 U.S. 1015, 86 S.Ct. 628, 15 L.Ed.2d 530 (1966); *State v. Adams*, 1 Ariz.App. 153, 400 P.2d 360 (1965).

Judgment affirmed.

HOLOHAN, V. C. J., and HAYS and CAMERON, JJ., concur.

GORDON, Justice (dissenting):

As I am unable to agree with the majority's position on admission of the prior conviction for impeachment purposes and on the propriety of the county attorney's closing remarks, I dissent.

Under Rule 609, Arizona Rules of Evidence, a prior conviction may be admissible "[f]or the purpose of attacking the credibility of a witness." Before this evidence can be used, however, the prosecution has the burden of proving "that the probative value of admitting this evidence outweighs its prejudicial effect." The trial court must require the prosecution to meet this burden, or admission of the prior conviction will be error. *State v. Wilson*, 128 Ariz. 422, 626 P.2d 152 (App.1981).

In determining whether the prior conviction is more probative than prejudicial, the trial court should be guided by such factors as the remoteness of the conviction, the nature of the prior crime, the defendant's age at the time of the prior crime, the similarity of the prior conviction to the present charge, and the defendant's criminal record since the prior conviction. *See Luck v. United States*, 348 F.2d 763 (D.C. Cir.1965); *State v. Domme*, 111 Ariz. 464, 532 P.2d 526 (1975). Because we will re-verse the trial court only for an abuse of discretion, the trial court should have an on-the-record discussion of these factors detailing its exercise of discretion.

In the instant case, I believe the trial court abused its discretion in admitting the prior conviction. The probative value of appellant's prior conviction for possession of a narcotic drug is slight. Although the conviction was only about one and one-half years old at the time of trial on the current charge, the nature of the possession conviction indicates it has little to do with appellant's truthfulness.

Moreover, the similarity of the possession conviction to the instant charge would tend to have a great prejudicial effect on appellant. As then Judge Burger said in *Gordon v. United States*, 383 F.2d 936 (D.C.Cir. 1967):

> "A special and even more difficult problem arises when the prior conviction is for the same or substantially the same conduct for which the accused is on trial. Where multiple convictions of various kinds can be shown, strong reasons arise for excluding those which are for the same crime because of the inevitable pressure on lay jurors to believe that 'if he did it before he probably did so this time.' As a general guide, those convictions which are for the same crime should be admitted sparingly; one solution might well be that discretion be exercised to limit the impeachment by way of a similar crime to a single conviction and then only when the circumstances indicate strong reasons for disclosure, and where the conviction directly relates to veracity."

*Id.* at 940 (footnote omitted). Although the possession conviction is not identical to the instant sale charge, it is sufficiently similar so that the jury would infer, "If appellant was once a drug user, he probably would be involved in selling drugs now."

The prejudice was compounded by the county attorney's closing argument. The prosecutor stated, "We are asking you to

convict a narcotic dealer. We are trying to help—we are trying to stamp this out of Arizona, out of the community and that is your duty and I ask you to find the defendant guilty." Thus, not only would the prior conviction improperly infer to the jury that "once involved with drugs, always involved with drugs," but the jury was told it had a duty to convict all people so involved.

I would find, therefore, that the prejudicial effect of the narcotics conviction far outweighed its probative value for impeachment purposes. The conviction should not have been admitted under Rule 609.

If the conviction was admissible substantively under Rule 404(b), any error in admitting it for impeachment purposes under Rule 609 would be harmless. The concern under Rule 609 of a prior conviction's prejudicial effect is that the jury will consider it substantively rather than solely for impeachment purposes. If the conviction is admissible substantively, there is no concern under Rule 609 for prejudice. But I do not believe that the conviction could have been admitted under Rule 404(b).[1] The majority states:

> "We think that the probative value outweighed the prejudice of the testimony in the light of appellant's subsequent testimony that he was 'framed' and that he 'didn't have any knowledge that the cocaine was going to be sold.' From his previous conviction for possession of a narcotic, the jury could infer that he was familiar with narcotics transactions and conclude that he was aware a drug sale was to take place when he met with the undercover officers, Parkey and Thrasher. It therefore tended to discredit his

denial that the meeting was to arrange a sale of cocaine."

I believe that this rationale is not applicable to whether the conviction could be used for impeachment purposes under Rule 609. The evidence was not used in the nature of rebuttal. Rather, because appellant put at issue his intent to commit the crime, the rationale goes to using the prior conviction substantively to prove intent under Rule 404(b). By denying knowledge that cocaine would be sold, appellant put the state to its burden of proving intent beyond a reasonable doubt. But because the prior conviction was for mere *possession* of narcotics and the instant charge is for *sale*, I do not find that the prior conviction is sufficiently similar to be relevant to proving appellant's intent in the instant case. Thus, the prior conviction was also inadmissible under Rule 404(b).

I also find error in the county attorney's closing remarks quoted by the majority. The county attorney, in effect, told the jury that it had the duty to convict appellant because he had been accused of narcotics dealing, and the jury should join the county attorney's office in stamping out narcotics dealers. Additionally, the jury knew of appellant's prior conviction for possession of narcotics. The county attorney told the jury, "[W]e are here today, to convict the defendant of this."

The county attorney grossly misstated the function of the jury. The jury is not an arm of the county attorney's office. The purpose of the jury is to sift through the evidence adduced at trial and determine whether the county attorney has proved the defendant's guilt beyond a reasonable

---

1. In addition to the differences in the use of prior convictions under Rule 404(b) and Rule 609, there are other important distinctions between the rules. For example, the prosecution has the burden under Rule 609 of proving that a prior conviction's probative value outweighs its prejudicial effect. Rule 404(b) has no such provision. If a prior conviction properly comes within an exception enumerated in Rule 404(b), to exclude it, a defendant must prove under Rule 403 that the conviction's prejudicial effect outweighs its probative value. Another difference is that although similarity of the prior conviction to the instant charge weighs toward prejudicial effect when used for impeachment purposes under Rule 609, similarity weighs toward probative value when the prior conviction is used for substantive purposes under Rule 404(b). See, e. g., State v. Brown, 125 Ariz. 160, 608 P.2d 299 (1980); State v. Jerousek, 121 Ariz. 420, 590 P.2d 1366 (1979); State v. Rose, 121 Ariz. 131, 589 P.2d 5 (1978).

doubt. This argument called the jury's attention to matters it could not consider in reaching a verdict. *See State v. Puffer*, 110 Ariz. 180, 516 P.2d 316 (1973). Because I find these improper remarks taken together with the jury's knowledge of appellant's prior conviction probably influenced the verdict, thereby denying appellant a fair trial, I would reverse.[2] *See Puffer.*

2. The instant case is distinguishable from *State v. Jaramillo*, 110 Ariz. 481, 520 P.2d 1105 (1974). The prosecutor in *Jaramillo* made similar comments about the drug problem in the community and the jury's opportunity to do something about it. But unlike the prosecutor in the instant case, the prosecutor in *Jaramillo* added that the evidence proved the defendant's guilt and that the jury should convict on the basis of the evidence.