688 P.2d 628

**STATE of Arizona, Appellee,**

v.

**Arthur AMARILLAS, Appellant.**

**No. 5811.**

Supreme Court of Arizona,
In Banc.

Sept. 6, 1984.

Robert K. Corbin, Atty. Gen., William J. Schafer III, Chief Counsel, Crim. Div., Jack Roberts, Asst. Atty. Gen., Phoenix, for appellee.

Richard J. Riley, Sierra Vista, for appellant.

GORDON, Vice Chief Justice.

On November 26, 1982, a jury found appellant, Arthur Amarillas, guilty of first degree murder. He was sentenced to life imprisonment without possibility of parole until he had served twenty-five years. Timely appeal was filed from the conviction. This Court has jurisdiction under Ariz. Const. art. 6, § 5(3) and A.R.S. § 13–4031. We affirm the conviction.

Sometime in the early morning hours of December 12, 1981, after drinking steadily for several hours, appellant approached the home of Ishmael Teran. Teran was awakened and went outside to speak to appellant. Appellant announced, "I'm going to shoot you," and fired four rounds from a handgun. Teran was struck three times and died of his wounds.

Appellant raised an insanity defense. He acknowledged that he had been a heavy drinker (up to a quart and a half of whiskey per day) for approximately twenty years. The defense theory was that appellant suffered from long-term alcohol dependence and that the alcohol dependence had led to paranoid delusions concerning a nonexistent sexual relationship between Teran and appellant's girlfriend. The shooting, the defense theory continued, was a result of the paranoid delusions and was the act of a person who did not know right from wrong and who did not understand the quality and nature of his acts. *See* A.R.S. § 13–502; *State v. Schantz*, 98 Ariz. 200, 403 P.2d 521 (1965), *cert. denied*, 382 U.S. 1015, 86 S.Ct. 628, 15 L.Ed.2d 530 (1966). Both appellant and the state presented psychiatric testimony on this issue. The state argued that the paranoid

delusions, if present at all, were the result of appellant's high level of intoxication at the time of the shooting and were not the result of appellant's long-term dependence on alcohol.

In his appeal to this Court, appellant raises several issues which fall into three broad objections:

1. that the trial should not have begun when it did;

2. that certain "other bad act" evidence should not have been admitted; and

3. that the jury instructions were incomplete, confusing, or wrong.

## BEGINNING OF THE TRIAL

Jury voir dire for appellant's trial began on October 13, 1982, appellant's "last day" under Ariz.R.Crim.P. 8. On that day, the trial judge and one of appellant's attorneys were in the last day of a different trial. Another judge · presided over and appellant's other attorney participated in the October 13 jury voir dire.

When defense counsel realized that the overlap between the two cases would occur, a continuance of appellant's trial was sought. Defense counsel's motion asked to delay the taking of testimony until October 26 while allowing the jury voir dire to begin on October 13. This motion was denied. Appellant now asserts that the denial was an abuse of discretion, that the one-day absence of one of the two defense counsel and the lack of adequate preparation time resulted in ineffective assistance of counsel, and that having a substitute judge preside over one day of general jury voir dire was error. We disagree.

■ The grant of a continuance is an exercise of the sound discretion of the trial court. *State v. Sullivan*, 130 Ariz. 213, 635 P.2d 501 (1981). We will not disturb a ruling on a motion for continuance unless (1) there is a clear abuse of the trial court's discretion and (2) prejudice results. *Id.*

■ Appellant has pointed to no prejudice which resulted from the denial of the motion for continuance. As the trial judge noted in the hearing on this motion, appellant would have had a better argument if he had only one defense attorney and that attorney was forced to go from one major trial directly to another without adequate time to prepare. However, here, there were two defense counsel, only one of whom was involved in the earlier trial. The second attorney had been assigned to appellant's case in December, 1981 and was admittedly fully prepared to begin. Only general voir dire was conducted on October 13. All individual voir dire was conducted on subsequent days with the trial judge and both defense counsel present. Explanation was made to the venire members for the absences of October 13. The trial judge delayed the taking of testimony until October 19 so that defense counsel might prepare more fully. We have read the record of appellant's trial and find no evidence of lack of preparation, of ineffective assistance of counsel, or of prejudice to appellant.

■ We agree with appellant that it is not the best practice to have a substitute judge preside over part of an ongoing trial. *See State v. Wallen*, 114 Ariz. 355, 560 P.2d 1262 (App.1977). However, we recognize that, in some extraordinary situations, it may be necessary. In the case *sub judice*, the judge and all counsel agreed that this was a "last day" case. A thirty-day extension had already been sought from and granted by this Court pursuant to Ariz. R.Crim.P. 8.4(c). No one suggested seeking a second. Under these circumstances, and having found no prejudice to appellant, we find no error in the one-day substitution of judge and no abuse of discretion in the denial of the motion for continuance.

## "OTHER BAD ACT" EVIDENCE

■ Appellant contends that testimony concerning his previous violent acts should not have been admitted into evidence during his trial. We agree that evidence of other wrongs is not generally admissible to show that a defendant is a bad person or has a propensity for committing crimes. *State v. McCall*, 139 Ariz. 147, 677 P.2d

920 (1983), *cert. denied,* — U.S. —, 104 S.Ct. 2670, 81 L.Ed.2d 375 (1984). However, where insanity is an issue, all prior relevant conduct of the defendant's life is admissible. *State v. Rodriguez,* 126 Ariz. 28, 612 P.2d 484 (1980); *State v. Skaggs,* 120 Ariz. 467, 586 P.2d 1279 (1978). Appellant acknowledges this exception to the general rule but argues that his prior bad acts were not relevant and, therefore, fell outside the exception. We cannot agree.

■ As noted above, appellant's defense was that he suffered from paranoid delusions that had resulted from his long-term alcohol dependence. One of the defense psychiatrists testified that, even if appellant had ingested no alcohol the night of the killing, he still would not have known right from wrong as it related to the victim. The state's position was that the only condition which lead to the killing was appellant's acute level of alcohol intoxication. The prior bad acts, all of which occurred while appellant was intoxicated, demonstrated the effect of acute alcohol intoxication on appellant and showed a lack of any paranoid delusions associated with them. Therefore, we find that the prior bad acts were relevant to the jury's determination of the insanity issue and hold that there was no error in their admission.

### JURY INSTRUCTIONS

Appellant raises five objections regarding the jury instructions given at his trial.

■ He first complains that the trial court erred in not giving instructions on manslaughter and negligent homicide. Appellant was charged with first degree murder; he would only be entitled to instructions on manslaughter or negligent homicide if, in this case, these offenses were lesser included offenses of first degree murder. An offense is a lesser included one only where the greater offense cannot be committed without necessarily committing the lesser. *State v. Gooch,* 139 Ariz. 365, 678 P.2d 946 (1984); *State v. Wise,* 137 Ariz. 468, 671 P.2d 909 (1983). The trial court is under a duty to instruct the jury only on the grades of an offense which the

evidence adduced at trial will support. *State v. Moreno,* 128 Ariz. 257, 625 P.2d 320 (1981). To support an instruction for manslaughter in this case, appellant would have had to present evidence of a reckless killing, *see* A.R.S. § 13–1103(A)(1), or a killing "upon a sudden quarrel or heat of passion resulting from adequate provocation by the victim," A.R.S. § 13–1103(A)(2). To support an instruction on negligent homicide, appellant would have had to present evidence of a killing caused by criminal negligence, A.R.S. § 13–1102(A). No such evidence was presented. The trial court did not err by refusing these instructions.

■ Appellant's second objection is related to the first. He argues that the trial court erred in its instruction defining premeditation. The trial court gave the following instruction:

"Premeditation means that the Defendant's intention or knowledge existed before the killing long enough to permit reflection. The time for reflection need not be prolonged. However, it must be longer than the time required to form the intent or knowledge that conduct will cause death."

Appellant does not argue that this definition is wrong, merely that it is incomplete. He asserts that the instruction should have included the comment that, if an act is done as the instant effect of a sudden quarrel or heat of passion, the act is not premeditated. Defense counsel did not object to the form of this instruction prior to or at the time it was given. Any complaint appellant may have had to the form of the instruction was thereby waived unless the form of the instruction rose to the level of fundamental error. *State v. Axley,* 132 Ariz. 383, 646 P.2d 268 (1982). There was no fundamental error here. The instruction as given was proper and complete. The addition urged by appellant would be appropriate if there was any evidence from which the jury could have found that the killing was manslaughter. However, here there was no evidence that appellant killed during a

sudden quarrel or in a heat of passion resulting from provocation by the victim. The premeditation instruction given was proper.

 Appellant's third complaint about the jury instructions concerns the voluntary intoxication instruction. The court instructed the jury that:

"No act committed by a person while in a state of voluntary intoxication is less criminal by reason of his having been in such condition. For the crimes of first degree murder or second degree murder, the State must prove that the Defendant acted intentionally or knowingly. If you determine that the Defendant was intoxicated at the time, you may consider the fact that he was intoxicated in determining whether he could have intentionally committed the crime; however, you may not consider the fact that he was intoxicated in determining whether he could have knowingly committed the crime."

Appellant argues that, although the instruction is correct on the law, *see State v. Ramos*, 133 Ariz. 4, 648 P.2d 119 (1982) (evidence of intoxication allowed to negate the mental state of "intentionally," but not the mental state of "knowingly"), it unnecessarily drew the jury's attention to the different treatments accorded the two mental states. We do not agree. The instruction was proper and was properly given.

 Appellant's fourth objection is that the jury instructions improperly put the burden of proof regarding insanity on him rather than on the state. He maintains that the jury was told that he was to be presumed sane and that the jury was not told that the state had the burden of proof regarding sanity. The record clearly shows that the trial court never mentioned a presumption of sanity and also clearly shows that the trial court instructed the jury:

"The State must prove beyond a reasonable doubt that the Defendant was sane."

Appellant's claim in this regard is spurious. The insanity instructions were proper.[1]

 Appellant's fifth and final objection to the jury instructions is that the jury was told of the effects of a defendant not testifying on his own behalf although, in this case, appellant did indeed testify. From the record, it is clear that this was merely an inadvertent inclusion of a standard instruction. There was no objection at the hearing to settle instructions or at the time the instruction was given. There was no demonstrable prejudice to appellant. Though technically an error, the inclusion of this instruction was harmless.

In addition to examining the issues raised by appellant, we have, pursuant to A.R.S. § 13–4035, searched the entire record for fundamental error. We have found none. Appellant's conviction is affirmed.

HOLOHAN, C.J., and HAYS, CAMERON and FELDMAN, JJ, concur.

---

1. We recognize that subsequent to the time of appellant's trial, Arizona law was amended to provide that "[t]he defendant shall prove he is not responsible for criminal conduct by reason of insanity by clear and convincing evidence." A.R.S. § 13–502(B); *see State v. Coconino County Superior Court,* 139 Ariz. 422, 678 P.2d 1386 (1984).