NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

ANTHONY DANIEL LOPEZ, *Appellant*.

No. 1 CA-CR 19-0257
FILED 3-3-2020

Appeal from the Superior Court in Maricopa County
No. CR2017-106891-001
The Honorable Howard D. Sukenic, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Jennifer Roach
*Counsel for Appellant*

**MEMORANDUM DECISION**

Judge Maria Elena Cruz delivered the decision of the Court, in which Presiding Judge Lawrence F. Winthrop and Judge David B. Gass joined.

**C R U Z**, Judge:

¶1 This appeal is filed in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969). Counsel for Anthony Daniel Lopez ("Lopez") has advised this Court that counsel found no arguable questions of law and asks us to search the record for fundamental error. Lopez was convicted of two misdemeanors: count one, possession or use of marijuana; and count two, misconduct involving weapons. Lopez was given an opportunity to file a supplemental brief *in propria persona*; he has not done so. After reviewing the record, we affirm Lopez's convictions and sentences.

**FACTUAL AND PROCEDURAL HISTORY**

¶2 We view the facts in the light most favorable to sustaining the verdicts and resolve all reasonable inferences against Lopez. *See State v. Fontes*, 195 Ariz. 229, 230, ¶ 2 (App. 1998).

¶3 Two police officers were working off duty at a mall when they received a call from mall security that there was a man at a jewelry store with a weapon. There was signage outside the mall area that stated firearms were prohibited from the premises. The two officers were given a description of the man, and they approached who they believed to be the suspect. As they were approaching, the officers could see a magazine sticking out of the man's pocket. The officers asked the man, who would turn out to be Lopez, to place his hands on the jewelry counter in front of him. One of the officers removed the magazine from Lopez's pocket and asked, "Where's the rest of it?" Lopez responded, "Where's the rest of what?" The other officer asked Lopez if he had a gun, and Lopez responded "no."

¶4 The officers placed Lopez in handcuffs for their safety, and again asked him where the gun was. It was only after Lopez was in handcuffs that he told officers he had a gun in the front of his waistband. Officers removed the gun, which was loaded with a magazine. Lopez was

taken outside the mall to the parking lot, and the officers took his name and information. The officers conducted a records check and found Lopez had outstanding misdemeanor warrants. Lopez was placed under arrest and taken back inside to the mall security office. Lopez was searched incident to arrest, and the officers found a small bag of a green, leafy substance. Lopez did not seem surprised when the officers found the substance in his pocket, and he told officers that he used marijuana for medical purposes. The substance was turned over to a controlled substance officer and was later tested and revealed to be a usable amount of marijuana.

¶5            Lopez was initially charged with count one, possession or use of marijuana, a Class 6 felony; and count two, misconduct involving weapons, a Class 1 misdemeanor. Lopez was charged with misconduct involving weapons for "fail[ing] to accurately answer the officer when the officer asked whether he was carrying a concealed deadly weapon." The possession of marijuana charge was later designated as a misdemeanor.

¶6            Lopez was out of custody leading up to trial, and he failed to appear for a status conference, initial pretrial conference, final trial management conference, and oral argument on Lopez's motion to quash a bench warrant. The court issued a bench warrant after each of his absences, and each absence led to a delay of the trial date. On multiple occasions, Lopez was offered a plea agreement, however, he rejected the offers. Trial was finally set for October 2018, and the State moved to continue trial for five months due to the unavailability of a police officer witness. Lopez objected to the continuance, but the court granted it. Trial was set for March 2019, and Lopez failed to appear. Another bench warrant was issued. Trial was then set for April 2019.

¶7            A bench trial was held, and Lopez testified. Lopez denied telling the officers he did not have a gun. Lopez testified that after an officer pulled the magazine from his pocket and asked "where's the rest of it," Lopez responded with "the rest of what, the gun[?]" Lopez testified that the officer responded "yes," and Lopez then immediately told the officer he had a loaded gun in his front waistband. Lopez also testified that the marijuana did not belong to him, and he did not know it was in the pants he was wearing. He explained that he was homeless and borrowing someone else's pants, and the marijuana belonged to the owner of the pants. During trial, Lopez moved for an Arizona Rule of Criminal Procedure 20 judgment of acquittal, but the court denied the motion. Following the close of trial, the court determined that the state met its burden of proof and found Lopez guilty on both counts.

¶8        The trial court conducted the sentencing hearing in compliance with Lopez's constitutional rights and Arizona Rule of Criminal Procedure 26.  Lopez's counsel argued that Lopez had strong family support, and that he does show signs of being very responsible and caring, which was evidenced by his current employment and financial support towards his family.  Lopez's counsel also argued that Lopez had been a victim of assault prior to trial, which affected his thinking and cognitive abilities.  However, the court disregarded this argument because Lopez's counsel failed to raise a defense regarding Lopez's mental health and his inability to form an intent at trial.  Lopez spoke on his own behalf and maintained his innocence.  The State recommended that Lopez receive twelve months' unsupervised probation on both counts.

¶9        The court ordered Lopez to twelve months of supervised probation for both counts.  For count one, the court imposed a $750 statutory fine with an 83% surcharge, payable at $100 monthly.  For both counts, the court imposed a $20 probation assessment; a $20 time payment fee; a $2 victims' rights assessment; and a $13 criminal penalty assessment. The court initially imposed a $65 monthly probation fee on each count, for a total of $130 monthly, but later granted the Adult Probation Department's petition to revise that assessment to a total of $65 monthly.

**DISCUSSION**

¶10        We review Lopez's convictions and sentences for fundamental error.  *See State v. Flores*, 227 Ariz. 509, 512, ¶ 12 (App. 2011). Counsel for Lopez has advised this Court that after a diligent search of the entire record, counsel has found no arguable question of law.  We have read and considered counsel's brief and fully reviewed the record for reversible error, *see Leon*, 104 Ariz. at 300, and find none.  All of the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. So far as the record reveals, counsel represented Lopez at all stages of the proceedings, and the sentences imposed were within the statutory guidelines. We decline to order briefing and affirm Lopez's convictions and sentences.

¶11        This court does take note that the superior court granted a significant continuance of trial at the State's request, and in the face of Lopez's objection.  The State requested a five-month continuance because a witness, a police officer, was gone on military leave for five months.  The officer on leave was the one that field tested the marijuana and impounded the drugs.  Lopez was not willing to stipulate to anything the officer would

testify to and any chain-of-custody issues, and instead, Lopez's counsel asked that the case be dismissed.

¶12          In favor of a continuance, the State noted that Lopez had multiple failures to appear, and had it not been for his failure to show, the trial would have been conducted back in June 2018. Lopez also requested a continuance previously, and he was currently not in custody. In opposition to the continuance, Lopez's counsel stressed the significant period of time—five months—the State was seeking to continue trial. Lopez's counsel also argued Lopez wanted to live in California, where he was previously from, and leave Arizona. However, due to this pending trial, he would be delayed from leaving the state and moving to California for several months.

¶13          The court noted there was a ten-month period where Lopez had failed to appear for proceedings and was on bench warrant status, which had drawn out these proceedings at no fault of the State. The court further found Lopez was out of custody, and the State was unaware the officer would be unavailable for trial at this time. The court ruled, "And so I do believe that on balance, taking into consideration Mr. Lopez's Rule 8 right to a speedy trial that, in this case, there is an extraordinary circumstance due to the State's witness being unavailable and delays indispensable to the administration of justice." The court also made clear that although Lopez was under no such obligation, he could stipulate to the absent officer's testimony and proceed to trial that day.

¶14          As far as Lopez wanting to return to California, the court stated that defense counsel could file a motion to change release conditions. The defense then made an oral motion to allow Lopez to leave the state, which was unopposed by the State. The court reviewed Lopez's release conditions, and nothing restricted him from going to California, so he was free to leave Arizona already.

¶15          We will not disturb a ruling on a motion for continuance absent a clear abuse of the trial court's discretion. *State v. Sullivan*, 130 Ariz. 213, 215 (1981). Here, the superior court did not abuse its discretion. In addressing the alleged denial of the Sixth Amendment right to a speedy trial, the court must typically consider: (1) the length of the delay; (2) the reason for the delay; (3) whether the defendant has demanded a speedy trial; and (4) the prejudice to the defendant. *Barker v. Wingo*, 407 U.S. 514, 530 (1972).

¶16       Here, the length of the delay is significant, but it is for a valid and important reason—the unavailability of a key witness due in great part to Lopez's continued failures to appear. Further, Lopez has not made a showing or raised any arguments as to why the delay prejudiced him. Lopez's only argument was that the delay in trial prevented him from leaving the state, but as the superior court found, nothing in Lopez's release conditions prevented him from moving during the pendency of this case. Finally, Lopez did not demand a speedy trial and was absent from proceedings for a ten-month period. Prior to arraignment, Lopez requested three continuances, agreeing to waive and exclude time. Lopez also filed a motion to continue trial in June 2018. Defense counsel also made an oral motion to continue trial in August 2018, waiving applicable time limits. Defense requested a one-day continuance for the final March 2019 trial date, which was also granted. Lopez then failed to appear for the March 2019 trial date, and trial was again pushed back until April 2019. Therefore, the pretrial delay did not violate Lopez's speedy trial rights.

¶17       Upon the filing of this decision, defense counsel shall inform Lopez of the status of the appeal and of his future options. Counsel has no further obligations unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). Lopez shall have thirty days from the date of this decision to proceed, if he desires, with a *pro per* motion for reconsideration or petition for review.

## CONCLUSION

¶18       For the foregoing reasons, we affirm.



AMY M. WOOD • Clerk of the Court
FILED:  AA